and now the Chief J ustiee delivered the opinion of the court to the following effect:—
 

 McKean, Chief Justice.
 

 Two questions have been made on this record, in the discussion of which, the law relating to the subject has been exhausted : The first is, “ Whether the devises to the demandant in the will of Richard Johnson, shall be deemed a satisfaction of her dower?” And
 
 *432
 
 the second is,
 
 “
 
 Whether, by the action of partition brought by the demand-ant, wherein it is acknowledged that the moiety out of which dower is now claimed, belonged to the tenants, she is not stopped from resovering in this action ?”
 

 In delivering our opinion on this occasion, we shall avoid a recapitulation of the arguments offered by the counsel on either side ; confining ourselves to the questions proposed, a brief statement of the reasons of our judgment, and a reference to the books, on which we rely, as authorities to support it.
 

 1. Dower is a legal, an equitable and a moral right. Prec. in Chan. 244. It is favored in a high degree by law, and, next to life and liberty, held sacred. LilL. Abr. 666, G. Three incidents entitle a woman to dower : marriage, seisin and the death of the husband. 1 Inst. 32
 
 a, b.
 
 And a widow may be barred of dower by a jointure made in pursuance of the statute of 27
 
 Hen. VIII., C.
 
 10, § 6. Such a jointure may, indeed, be made either before or after marriage ; but with this difference, that if it is made before, the wife cannot waive it, and claim her dower at common law ; which she can do, if the jointure is subsequent to the marriage. No other settlements, however, in lieu of jointures, are bars to a claim of dower ; nor, it must be remembered, was a jointure itself any bar, antecedent to the passing of the statute of
 
 Hen. VIII,
 
 for it is established law, that a right or title of dower, cannot be barred by a collateral satisfaction. Wood’s Inst. 125; 1 Inst. 36
 
 b.
 
 Nor, in short, by anything but a plain and express intention of the parties. Ibid.; Finch, 368; 1 Chan. Ca. 181; 2 Ibid. 24; 2 Vent. 340; 4 Co. 1, 2.
 

 In the will before the court, it is nowhere expressed, that the devises co the demandant shall be in lieu of dower; but it is contended, that the intention of the testator, collected from the words of the whole will, appears to be, that the demandant shall be barred of her claim at common law ; that the devises to her are of lands in fee ; and that these, being of four times the value of her dower, ought to be considered as a recompense or satisfac
 
 *a
 
 bT ^on ^01’ But in the words of the whole will, we can discover no •* express intention to that purpose ; and, although an estate for life, or even during widowhood (which is the same as an estate for life, since it is in the wife's own power to make it such ; and these by the bye, are the lowest estates that will operate in bar of dower, either in a jointure or will), may be given with the view, and operate to bar a widow’s claim at common law ; yet, it must appear to be so intended, by the words of the will, and not inferred from its silence, or presumed upon conjecture. For no devise to a wife, even of an estate in fee-simple, although ten times more valuable than her dower, will be, of itself, a bar of dower ; but it will be considered as a benevolence, and she is entitled to both. 2 Freem. 242; Prec. in Chan. 133.
 

 Nor, in such a case, will equity interpose against the wife ; for I cannot find any instances in which relief upon this subject has been given, but in the following : 1st, Where the implication, that she shall not have both the devise and the dower, is strong and necessary; 2d, Where the devise is entirely inconsistent with the claim of dower ; and 3d, Where it would prevent the whole will from taking effect: that is, where the claim of dower would overturn the will
 
 in toto.
 
 3 Atk. 437.
 

 In short, the authorities are numerous and explicit, that dower cannot be
 
 *433
 
 barred by a collateral recompense ; that the devise of anything to a wife, cannot be averred to be in bar of dower, because a will imports a consideration in itself ; and that the devise, without other matter, is to be taken as a benevolence, and the devisee deemed a purchaser. 4 Co. 3, 4; 9 Mod. 152, 2 Vera. 365; 2 Freem. 242; Prec. in Chan. 133; 2 Will. 624; 3 Atk. 8, 436. 1 Ld. Raym. 438; 1 Lutw. 734; Brook (tit. Dower), pl. 69; Dyor 248; 1 Ves. 55, 230; 2 Eq. Abr. 388, pl. 14, 18; 1 Ibid. 219; 1 Brown Chan. Rep. 292. To which may be added, two decisions in this court,
 
 Blackford et ux.
 
 v.
 
 Kennedy,
 
 in 1769; and
 
 Kennedy et ux.
 
 (the present demandant) v.
 
 Wistar,
 
 1779.
 

 The court, therefore, unanimously think, that the devises to the demand-ant, in the will of Richard Johnson, cannot be deemed a satisfaction or bar of dower in this action,
 

 (a)
 

 2. The second question inquires, whether the demandant is barred in this action, by the recovery in the action of partition ? And, in support of the affirmative, the counsel for the tenants have cited 1 Roll. Abr. 862, pl. 4; 864, pl. 8; Co. Litt. 27
 
 a.
 

 Dower is an excrescent interest taken out of the inheritance for a time, which being elapsed, the interest falls again to the owner of the inheritance. But the institution of the action of partition became necessary to appropriate a moiety of the 500 acres of land to each of the devisees, not merely for life, but for ever ; for the judgment is, that the partition should remain firm and stable for ever. If, then, any other person than the demandant had a right of dower in the whole of the 500 acres, although such person could not have been made a party in the partition, the partition *might certainly have p*.. . been effected, notwithstanding that right of dower. And why should *- not the same be done, in the case before the court ? The devisee held the moiety allotted to her, subject to the claim of dower, and in doing this, there was nothing inconsistent or uncommon : Nor can we perceive, how the recovery in partition, estops the demandant from saying, that she has a claim of dower in that part of the premises which has been assigned to the tenant. As, indeed, on the one hand, there is no case, nor
 
 dictum
 
 of any judge, to warrant this plea, so, on the other, we think reason and justice are against it. The case cited by the counsel for the tenants only says, that, in dower, the demandant clains dower of lands
 
 unde nihil habet, <&c.,
 
 and therefore, she shall be stopped from claiming anything more.
 

 Upon the whole, the Court are clearly of opinion, and direct, that judgment be entered for the demandant.
 

 (a)
 

 See the act of 4th April 1797 (3 Sm. Laws, 300); and Evans v. Webb, 1 Yeates. 424; Webb v. Evans, 1 Binn. 566; Hamilton v. Buckwalter, 2 Yeates 389; McCullough v. Allen, 3 Id. 10; Creacraft v. Dille, Id. 79; Creacraft v. Wions, Addis. 350; Duncan v. Duncan, 2 Yeates 302; Sample v. Sample, Id. 433; Wilson v. Hamilton, 9 S. & R. 424.