### ELIZABETH KELLER *against* JOHN MICHAEL.

Assignment of his lands by one in insolvent circumstances, to trustees for payment o
debts, will not bar his widow's right of dower.

DOWER.—Case stated for the opinion of the Judges at Nisi Prius,
to be decided by them, by consent.

· Wendel Keller husband of the defendant, in his life-time, on the
23d July 1791 (being in insolvent circumstances, and unable to pay
more than eight shillings in the pound of his debts, and having al-
so committed acts of bankruptcy ) sealed and delivered a deed of
conveyance and assignment of all his real and personal property to
William Wistar and George Ashton, Benjamin Poultney and
Richard Wistar, Ellis Yarnal and William Harrison, as trustees for
all his creditors, in proportion to their several demands (*prout*
assignment.)

, The said assignees and trustees sold the real estate, and executed
deeds of conveyances to the purchasers, amongst whom the tenant
was one, and faithfully applied the money arising from the sale of
the said Keller's estate, towards payment *pro tanto* of his debts equal-
ly amongst all his creditors.

On the 27th July 1791, the said Wendel Keller executed an
obligation to the persons before named as trustees for his creditors
for 600*l.* payable six months after date, no part of which has ever
been satisfied or paid.

Judgments to a considerable amount remain unsatisfied on the
records of the Court of Common Pleas of York county ; and the said
Wendell Keller has died intestate, in insolvent circumstances.

The question submitted to the court, is whether the demandant
his widow can support her claim of dower against the present
tenant ?

Messrs Bowie and Kelly for the tenant, contended that by
the policy of our laws, the widow's right of dower was determin-
ed by the debts of her husband. Though at common law, no in-
cumbrance whatever, made by the husband after marriage, can
effect her claim of dower, not even the debt of the king; yet her

dower in this state is divested by the land being taking in execution for the payment of the debts of the baron. The lands of deceased persons are made chattels for the payment of debts. Dall. 484. And it has been held, that the dower of the wife is barred by the sheriff's sale of the real estate under a *levari facias*, on a mortgage executed by the husband alone, after marriage. The present case is not such, as where the baron receives a monied consideration for granting the lands. The mode was fallen on to save expense, and is equivalent to the sale under the judgments, many of which were discharged in consequence of the assignment. There are other instances besides sales by sheriffs, wherein the widow's dower would be divested; as where an administrator sells by order of the Orphan's Court for payment of debts and maintenance of children. Dall. 486. And the case before the court is the same in principle with that of an administrator selling.

The court said, they saw no difference between the present conveyance and one given for a money consideration, where the vendor with the amount of the sales pays off his judgments and other debts. In this instance, Keller has empowered his assignees to do what he himself might have done in his life-time, and his widow on such sale by him, without her joining, would not have been barred of dower. In the cases put by the tenant's counsel, the purchasers come in by act of law, claiming under sheriffs or administrators, and there positive institutions exclude her from dower. It is not so here. But as it is pressed, that Mr. Ingersoll should also be heard in behalf of the tenant, the entry of final judgment will be deferred until the meeting of the court in bank.

Mr. C. Smith for the demandant.

Afterwards in March term 1799, Mr. Ingersoll argued for the creditors to the same effect as the former counsel, but the court were unanimously of opinion, that final judgment should be entered for the demandant.