,Colcock, J.
Dower is a legal estate, which cannot be barred by any collateral provision, except by jointure before marriage, according to the statute of Henry. It was urged, that ample provision made for the widow, was conclusive evidence that the testator intended it to be in bar of dower. Now, it appears to me, that this would be most vague and uncertain evidence of such an intention, because it would depend upon the opinion of the judge or jury, *546 what was ample provision. One devises lands to his wife, and dies. She marries again, and brings dower, and this devise is pleaded in bar of dower, and it was held no bar. First, because the will imports a consideration in itself, and cannot be averred to be a bar of dower, without it be so expressed; and, secondly, because a wife’s right of dower cannot be barred by collateral recompense. 2 Bac. Title Dower, letter H. And in a note, “ If lands, money, goods, &c., are devised to a woman, without saying in lieu or bar of dower, yet the wife shall have both, because a devise implies a consideration ; and this has often been adjudged in chancery.” 2 Chan. Cases, 24. 2 Vernon, 365. Ab. Ca. in Eq. 218, 219. Wood’s Inst. 125. 1 Dall. 415. So firmly is this doctrine established, that, even words of similar import to those generally used “ in lieu or bar of dower,” were not held to be a bar. 1 Johns. Rep. p. 307. I am, therefore, in favor of the motion.
Bay, and Grimke, Js., concurred.
Smith, J.
The claim of dower is a common law right, of which the widow cannot be deprived by her husband, unless he makes a suitable provision for her in his last will and testament; and expresses that it is in lieu of dower. Or where the words of the provision are so strong, that they can admit of no other construetion. There a Court of Equity would interpose. But in the present case, the will has made no such express, or implied provision. And, therefore, I am for a new trial.
Bieevard, J.
The jury were not legally authorised to expound the will in question, upon the presumption that the devise to the testator’s wife, was intended to be in lieu and bar of dower; no such intention being expressed in the will.
In the construction of wills, Courts of Equity have sometimes implied an intention to exclude the claim of dower; but only in cases where the intention appears evident from the whole scope and operation of the will, where the claim of dower would be inconsistent with, or in contradiction to the will. In such cases, the widow must make her election ; and chiefly because it is impracticable for her to take both under the will, and her dower at common law.
In this case there is no difficulty or inconsistency to prevent the widow from taking both, even if it should be conceded that a court of law is at' liberty to collect from the whole will an intention to bar dower, where none such is expressed. Dower is a claim highly favored in law; and a dévise imports a consideration, founded on a principle of benevolence.
*547 The conjecture may be true, that the testator did not recollect when he published his will, that his -wife might claim her dower, as well as the provision made for her by the will; otherwise, he would have qualified his bounty, or guarded against the claim of dower; but no court of justice can be warranted in deciding on such a presumption. The testator had a right to give to her what he has devised to her, without interfering with her common law claim of dower; and he has not expressed a contrary intention. See 2 Ves. Jr. 578. 1 Dall. 415. Kennedy v. Nedraw, et al., 1 Binn. 565. Webb and Wife v. Evans, 1 Johns. 307, and the authorities therein cited. I am, therefore, of opinion, that the motion ought to succeed.