**MARY SHOCKLEY, Widow of Elias Shockley, Esq., formerly Widow of John Ralston v. THOMAS CLIFTON, et al**

Orphans' Court. Kent. August 6, 1821.

*Ridgely's Notebook III, 397.*

*John M. Clayton* for petitioner. *Hall* for [defendant].

June 2, 1803, will of John Ralston. He gives all his estate, real and personal, among his children equally to be divided. Will proved September 1, 1803; Mary Ralston, the petitioner, and James B. Ralston, executors. September 1, 1803, letters testa-

mentary granted to Mary Ralston and James B. Ralston, the executors named in the will, who gave bond. November Term, 1805, Court of Common Pleas, summons in partition, *James B. Ralston v. Rebecca Ralston and Henry Davis and Margaret L., his wife.* December 5, 1805, judgment by confession that partition be made, writ *de partitione facienda* issued, returnable to May Term, 1806. Partition made and returned to this writ, and final judgment.

*Mr. Hall.* After so long an acquiescence by Mrs. Shockley, she being an executrix and having full cognizance of the partition, she ought not to be permitted to disturb this title.

*Mr. Clayton.* James B. Ralston was the acting executor. Four administration accounts were passed by him alone, and then a distribution account. She, the petitioner, did not act, though letters were nominally granted to her. 1 Cru.Dig. 179, that a devise to wife will not bar her of her dower unless so declared. John Ralston died before the Act of 1816. Has this Court jurisdiction in such case?

August 11, 1821.

THE CHANCELLOR decreed that Mary Shockley should have her dower. He said that the partition made by the devisees of John Ralston, Esq., although she asquiesced in it, was not a bar to her recovery; and he referred to *Kennedy v. Nedrow et ux. et al.,* 1 Dall. 415, where the widow, a devisee, herself caused partition to be made, and nevertheless recovered her dower; and this he said was a much stronger case. Her acquiescence was no bar.