## Ruby *against* Glenn.

By the act of 1814, an insolvent's estate is vested, immediately on his discharge, in the trustees, not by virtue of his assignment, but by the provisions of the act.

In case of a change of trustees they take, not by any transfer, but by the mere act of substitution.

The recording acts do not apply to such assignments. A sale of lands, therefore, by the insolvent after his discharge, but before his trustees have given bond according to law, is invalid, although none of the proceedings under the insolvent law have been recorded in the county where such lands lie.

ERROR to the common pleas of *Cumberland* county.

This was an action of ejectment by John Glenn, Esq. against Samuel Ruby.

The parties agree to the following facts, and that they be considered in the nature of a special verdict, upon which the court will render a judgment, with leave to either party to sue out a writ of error.

Previously to the 13th of August 1827, John Hogue Waugh was the owner and seised in fee of the one undivided fifth part of fifty acres of land, in Silverspring township, Cumberland county, bounded by Samuel Senseman, Daniel Keller, Conrod Emminger, Jacob Gleim and Jacob Worly; on that day he presented his petition in due form of law to the judges of the court of common pleas of Alleghany county, for the benefit of the laws made for the relief of insolvent debtors, and the said petition contained a return of the one undivided fifth part of a tract of land in Cumberland county, being the land in dispute; the court appointed the third Monday of November, then next, for the hearing of the petitioner; and on the said day, to wit, the 19th of November 1827, the petitioner was heard,

sworn and discharged, having made an assignment in due form for the use of his creditors of all his estate, &c.; and the said court, on the same day, appointed William Waugh, Hugh Davis and Archibald Montgomery to be the trustees, &c.

On the 28th of May 1828, the trustees thus appointed not having given bond or taken upon themselves the duties of the assignment, were discharged, and the court appointed William Waugh sole trustee, &c. The said William Waugh did not accept the said appointment or give bond according to law, and he was, on the 30th of May 1829, discharged by the court, and E. Estep was appointed trustee by the court, who did not accept the appointment, and he was, on the 4th of September 1829, dismissed by the court, and Samuel Kingston was then appointed trustee, who also refused to accept the appointment; and on the 17th of February 1832, John Glenn, Esq. was appointed trustee by the court, who did accept the appointment, and gave bond with security according to law. No part of these proceedings were ever recorded in the county of Cumberland, nor had the defendant Samuel Ruby received any notice of said proceedings and assignments, until long after he purchased as stated hereafter.

The said John H. Waugh, by deed dated the 11th of January 1832, conveyed the same undivided fifth part of the said tract of land and premises in fee for a valuable consideration, to Samuel Ruby, Esq., the defendant, which deed was duly acknowledged and recorded in the office for the recording of deeds in and for Cumberland county on the same day; and the said Samuel Ruby entered into, and now has the possession of, the said land in pursuance of the said conveyance.

If the court, upon these facts, shall be of opinion for the plaintiff, then judgment to be rendered for him, otherwise judgment to be rendered for the defendant.

The court below (Reed, President) rendered a judgment for the plaintiff.

*Biddle*, for plaintiff in error, contended that the recording act of 1775, was applicable to all deeds conveying lands. Cited 2 *Penns. Blac.* 175; Cooper *v.* Henderson, 6 *Binn.* 190; Wickersham *v.* Nicholson, 14 *Serg. & Rawle* 118; Krause *v.* Beitel, 3 *Rawle* 203.

*Watts*, contra, contended that the estate was vested in the trustees by the insolvent law itself. The only assignment or deed ever made, does not go into the hands of the trustees, but remains among the records of the county where the insolvent is discharged. It could not be procured for record in another county.

The opinion of the Court was delivered by

SERGEANT, J.—The recording acts do not apply to a case like the present. By the act of 1814, the estate of the insolvent is vested, immediately on his discharge, in the trustees, not by virtue of his

assignment, but by the express provisions of the act. In many instances the trustees first appointed, neglect or refuse to qualify themselves by giving security and acquire, no title. The court has then power to substitute others, who are subjected to the same condition of giving bond, and when this is done, they become vested with the estate, not by any transfer or conveyance, but by the mere act of substitution. There is no limitation to the time of substitution, and frequently, as in the present case, repeated attempts are made before persons can be found willing to encounter the trouble of settling the insolvent's estate. To say that under these circumstances, unless there were notice to a purchaser, the insolvent might dispose of his former property, would be to take from the creditors the funds and give them to the insolvent himself. There are, no doubt, inconveniences attending the law as it stands: a discharge in Alleghany is likely to be wholly unknown to citizens of other counties, and a purchaser searching the records of the county in which the land lies, finds nothing to apprise him of a previous conveyance. But until the legislature enact such regulations on the subject as may remove the risks of a purchaser, he must fortify himself against them by covenants for title.(*a*)

Judgment affirmed.

(*a*) By the act of the 16th of June 1836, section thirty-five, the trustees are invested with all the insolvent's estate from the time of filing his petition; except such portion as may have been sold *bona fide* within the county before the assignment to the trustees and without notice of such petition.