# Worcester *versus* Clark.

1. The sale of a bankrupt's real estate, by his assignee, under the Bankrupt Act of 1841, does not divest the widow's right of dower.

ERROR to the Court of Common Pleas of *Beaver county*.

This is an amicable action of dower, brought by Judith Worcester, who was the widow of David Worcester, for certain lots in New Brighton, and other land in said county. The facts agreed upon, as a case stated for the decision of the court below, were the following:

That the plaintiff and the said David Worcester, Esq., were accoupled together in lawful matrimony, prior to the conveyance of said tenements and hereditaments, to the said David Worcester, Esq. That they had children born alive, whilst he was so seised and possessed, capable of inheriting, and that the said plaintiff and her said husband lived together until his decease. That said two lots were conveyed to the said David Worcester, Esq., in fee, by a deed dated 2d of March, 1837, recorded in the office for the recording of deeds in and for said county, in Deed

[Worcester *v.* Clark.]

Book R., p. 23, and that the said undivided half of said 85 acres, and 107 perches of land, were conveyed to him in fee, by deed dated 19th of September, 1838, and recorded in the office for recording deeds, aforesaid, in book S., p. 383.   That by virtue of said conveyances, the said David Worcester, Esq., became lawfully seised and possessed of the premises aforesaid, and so continued until the time of the sale and conveyance hereinafter mentioned, made by B. B. Chamberlin, Esq., his assignee in bankruptcy.

That on the 16th day of April, 1842, said David Worcester, Esq., presented his petition to the District Court of the United States, for the Western District of Pennsylvania, for the benefit of an Act of Congress, entitled, "An Act for establishing an uniform system of bankruptcy throughout the United States," passed the 19th of August, 1841, which petition was duly filed in said court; and on the 23d of May, 1842, said court decreed said David Worcester, Esq., a bankrupt, and appointed the aforesaid B. B. Chamberlin, Esq., assignee of the said bankrupt's estate.   That the said assignee, by virtue of the provisions of the said Act of Congress, and by order and direction of said court, timely and legal notice having first been given, did sell the said two lots and undivided half of said 85 acres, and 107 perches of land, to the defendant, for the sum of $750, he, the said defendant, being the highest and best bidder for the same, and made report of said sale to the said District Court, which was confirmed by said court, and the said assignee thereafter by his deed, duly acknowledged in said District Court, dated 17th of May, 1843, and recorded in the office aforesaid, for recording deeds in said county, in book W., on pp. 27, 28, conveyed all the estate, right, title, and interest of said bankrupt of, and to said lots and undivided half piece of land, to the defendant, his heirs and assigns, for the consideration of $750 aforesaid, which said deed and proceedings in bankruptcy are considered parts of this case.   That after said sale, the defendant took possession of said premises, and still holds the possession thereof.

That at the time the said David Worcester, Esq., presented his petition as aforesaid, he was indebted in the following judgments of record in the Court of Common Pleas of Beaver county, which were at the time of said petition, decree of bankruptcy, sale and conveyance of the said premises, liens upon all the estate and title of the said David Worcester, Esq., in the aforesaid lands and tenements, viz: *William P. Smith* v. *David Worcester*, No. 82, of June Term, 1840, entered April 2, 1840, for $218.21 and costs, with a credit of $100, paid January 1st, 1841.   *Miner and Chaplin* v. *Same*, No. 161, of June Term, 1841, entered 30th of April, 1841, for $329.66 and costs.   The said

[Worcester *v.* Clark.]

David Worcester, Esq., died on or about the 20th day of October, 1846, leaving the plaintiff, his widow.

If upon the facts stated in this case, the court is of opinion that the plaintiff is entitled to recover, then judgment is to be entered for plaintiff, with costs and damages, in dower, so far as the demandant is entitled, under the aforesaid facts to recover, to be ascertained by a writ of inquiry in the usual way. But if the court should be of opinion, that the plaintiff is not entitled to recover, then judgment to be entered for the defendant, with costs, 26th October, 1847.

The court below entered judgment on the case stated, for defendant, and plaintiff took this writ of error.

*N. P.* and *G. L. B. Fetterman,* for plaintiff in error, referred to Bankrupt Law of 1841, § 3 ; United States Statutes at Large, vol. 5, p. 443 ; *Lyle* v. *Foreman,* 1 Dall. 484 ; *Eberle* v. *Eberle,* 1 Har. 526; Owen on Bankruptcy, 120 ; *Jones* v. *Jones,* 6 Shep. 308 ; *Doane* v. *Phillips,* 12 Pick. 223 ; *United States* y. *Fisher,* 2 Cranch, 386–399.

*Chamberlin,* for defendant in error.—The question is, whether the dower of plaintiff in error, was divested by bankruptcy of her late husband, David Worcester, and a sale of his real estate.

There can hardly be much controversy on the following propositions :

1st. That in Pennsylvania, whatever may be the common law or the statute law of other States, *lands* are made *chattels* for the payment of debts.

2d. That dower initiate and consummate, have always been held in subservience to the rights of creditors, and liable by judicial pursuit to be divested, by appropriation of the husband's lands as chattels, to the payment of the husband's debts, contracted before or after marriage.

3d. That in this case, there has been a final adjudication in bankruptcy, under a law of the United States, of estate of the late David Worcester, husband of plaintiff in error. *Andrews* v. *Fleming,* 2 Dall. 94; *De Hass* v. *Bunn,* 2 Barr, 337 ; *Burd* v. *Dawsdale,* 2 Binn. 80 ; *Thomas* v. *Simpson,* 3 Barr, 70 ; *Kitlinger* v. *Smith,* 6 S. & R. 534; *Scott* v. *Cresdale,* 2 Dall. 127; 1 Yeates, 75 ; *Helfick* v. *Ovemyer,* 3 H. 116 ; *Ex parte Foster,* 5 Law Rep. 60 ; *In re Christy, Assignee of Walden,* v. *City Bank of New Orleans,* 3 How. 293 ; *Burke* v. *Goodwin,* 11 Ves. 78, 80 ; Clark's Bankrupt Law, c. 1, p. 5 ; *Martin* v. *Martin,* 1 Ves. 211 ; 1 Story's Eq. 547 ; Swanston's R. 529.

The opinion of the court was delivered by
WOODWARD, J.—On the general principles long recognized in

[*Worcester v. Clark.*]

Pennsylvania, that lands are assets for payment of debts, and that dower is barred by a sheriff's sale, in virtue of either a judgment or mortgage, executed by the husband alone, I should have no difficulty in holding, that a sale in pursuance of a decree in bankruptcy would also bar dower, were it not for the third proviso to the 2d section of the Act of Congress, of 19th August, 1841, establishing an uniform system of bankruptcy. That proviso is in these words : "that nothing in this act contained, shall be construed to annul, destroy, or impair any lawful rights of married women or minors, or any liens, mortgages, or other securities on property, real or personal, which may be valid by the laws of the States, respectively, and which are not inconsistent with the provisions of the 2d and 5th sections of this act."

The question on this record is, whether a married woman's interest in her husband's lands is saved by this proviso ? Whether it is a "lawful right, valid by the laws" of this State, within the meaning of the Act of Congress ?

At common law, marriage, seisin and death of the husband were necessary to the consummation of dower ; but the husband need not *die* seised, for the wife's right having vested on the marriage, overreaches alienation by him. Seisin, in law or fact, by the husband, any time during coverture, vests in the wife a right to dower. The right a dowress has to her dower, said the master of the rolls, in Lord Dudley's case, Prec. in Chanc. 244, is not only a legal right, so adjudged at law, but is a moral right to be provided for, and to have a maintenance and sustenance out of her husband's estate, to live upon ; she is therefore, in the care of the law ; and upon this moral law, is the law of England founded, as to the right of dower. So, by M'Kean, Ch. J., in *Kennedy* v. *Nedrow*, 1 Dal. 418, dower is a legal, an equitable, and a moral right. It is favored in a high degree by law, and next to life and liberty, held sacred. Again by Shippen, P. J., in *Graff* v. *Smith*, 1 Dal. 484, a widow's right of dower commences with her marriage ; it is held so sacred a right, that no judgment, recognizance, mortgage, or any other incumbrance whatever, made by the husband after the marriage, can, at common law, affect her right of dower. Even the king's debt cannot affect her. The only modification of these principles that we have suffered, is in treating the rights of creditors as paramount, and permitting them, through a *judicial sale*, to bar dower ; a policy which has been often questioned, and which is not to be extended beyond established limits. No assignment or transfer by the husband, even for the payment of debts, and though made in the quasi-judicial proceedings of insolvent debtors, has been permitted to defeat the widow. *Keller* v. *Michael*, 2 Yeates, 300 ; *Eberle* v. *Fisher*, 1 H. 526.

Such is the right of dower in Pennsylvania, and I cannot doubt that it is one of the "*lawful rights of married women*," which congress had in view in enacting the proviso in question. There is nothing in the 2d or 5th sections of the bankrupt law, nor in any other section, inconsistent with the exemption of the widow's right of dower, from an assignee's sale; and seeing that it falls within the very terms of exemption, which the legislature have been pleased to employ, it follows as a clear duty of the judiciary, to protect this sacred right against unintentional sacrifice. It is not more clear, that any rights which minors may chance to have, or any liens which are valid by our laws, survive a sale of lands by an assignee in bankruptcy, than it is, that a widow's dower outlasts it. It is vain to urge the analogies of sheriff's sales, or the policy of selling unencumbered titles, when the widow's rights are vested in a positive statute; the very statute under which the assignee's sale was made. She must have the measure of protection, even as against her husband's creditors, which the statute gives her.

And now to wit: the 15th day of December, 1853, this cause came on to be heard, and was argued by counsel, and upon consideration by the court it is ordered and adjudged, that the judgment of the Court of Common Pleas, in the case stated, rendered, be reversed, annulled and set aside, and that judgment be entered here for the plaintiff in said case stated, for costs and damages in the satisfaction of her dower in the premises mentioned and described, in said case stated, whereof her husband, David Worcester, was lawfully seised in his life-time; and that the record be remitted to the Common Pleas of Beaver county, with instructions to said court to issue a writ of inquiry for the assessment of said damages, and to proceed therein according to law.