## Case No. 788.

### In re BAKEWELL.

[4 N. B. R. 619, (Quarto, 199;) 18 Pittsb. Leg. J. 289; 3 Pittsb. Rep. 323.]

District Court, W. D. Pennsylvania. Feb. 15, 1871.

#### BANKRUPTCY—PROOF OF CLAIMS.

[Although the bankruptcy proceedings have been stayed, having been superseded by arrangement under section 43 of the bankrupt act, the sole power to admit claims against the bankrupt's estate is not vested in the trustees under the arrangement, but they may and should be proved before the register.]

[Cited in Re Cooke, Case No. 3,169. Disapproved in Re Trowbridge, Id. 14,191.]

In bankruptcy. James T. Brady & Co. have offered to make proof before the register of a debt against the estate of said bankrupt, and upon notice being given to the trustees of said bankrupt, acting under the provisions of section 43 of the bankrupt act, [14 Stat. 538,] John M. Kennedy, Esq., their solicitor, appears, and pro forma resists the offer on the ground that the bankruptcy proceedings have been stayed, and that the trustees themselves have the sole power to admit claims against the bankrupt's estate, and that only in the case of contested claims can the powers of the court and register be invoked. This position of the trustees' solicitor is based upon the decision of Judge Treat, in the district court for the E. D. Missouri. In re Darby, [Case No. 3,570.]

In this matter the bankruptcy proceedings have been stayed—they having been superseded by arrangement under section 43. The provisions of that section are extremely vague, and it is difficult to determine what the trustees may or may not do. In this matter, however, we are not called upon to say what the powers of the trustees are, save in respect of the allowance of claims against the bankrupt's estate. The decisions upon the 43d section have been but few, and none of them bear upon this question but the case cited by the trustees' solicitor. In that case Judge Treat says: "Whenever the trustees and committee are satisfied that demands are correct, and need no testimony to be taken, they can allow the same. When they are not satisfied the demand should be proved before the register on notice to the trustees. All demands not allowed already should be presented to the trustees for allowance, in the first instance, and, if allowed by them, no further action need be had; but if the trustees demand proof, they can apply to the register or judge for an order to have testimony taken with respect thereto before the register, or otherwise, and for the claims to be passed upon by the register."

From this opinion I am compelled to dissent. I cannot find anything in the statute to justify it, but everything to deny its correctness. The first clause of section 27 [14 Stat. 529] provides "that all creditors whose debts are duly proved and allowed shall be entitled to share in the bankrupt's property and estate pro rata," etc. Of course none others shall be entitled to share in the assets. Due proof of a debt can only be made by compliance with the 22d section of the act, [14 Stat. 527.] The second clause of that section provides: "To entitle a claimant against the estate of a bankrupt to have his demand allowed, it must be verified by a deposition in writing, on oath or solemn affirmation before the proper register or commissioner, setting forth the demand," etc. From these two clauses it is clear that to entitle a claimant to have his demand, and to share in the estate, he must prove his debt in the manner provided by section 22. The trustees cannot make distribution of the estate to and among any other persons than those mentioned in section 27, as entitled to share therein, that is to say, "creditors whose debts are duly proved and allowed."

But there is more in the act than this. Section 43 preserves the bankrupt's right to apply for and obtain his discharge, as though the ordinary proceedings under the act had continued. Section 29 provides, that when the bankrupt files his petition for discharge, notice is to be sent by mail to all creditors who have proved their debts. If, then, the trustees have power to allow claims not duly proved, such creditors would not be entitled to notice of the application, and the discharge might be granted without their knowledge. Such a result was never intended. If the bankrupt's estate is not equal to fifty per centum of his liabilities (as principal debtor) duly proved, he must, in order to obtain a discharge, file the assent in writing of a majority in number and in value of his creditors who have proved their claims, to whom he is liable as principal debtor. If the rule in Re Darby, [supra,] be correct, the creditors whose claims were allowed by the trustees, without being duly proved, would be excluded from the operation of this section, because the trustees had not disputed their claims and compelled them to make due proof. The bankruptcy proceedings may be resumed by order of

the court, on sufficient cause being shown therefor, as the bankruptcy proceedings are only stayed until the further order of the court. No cause for resuming such proceedings can come to the knowledge of the court unless some party in interest makes complaint. Such complaint coming from a creditor should be from one who has proved his debts, one whose name is upon the records of the court.

It may be said, that under arrangement the trustees and committee of creditors may devise a system of their own for ascertaining the legal claims upon the estate. Such a suggestion involves the idea of judicial powers which the trustees and committee do not possess. There are numerous intricate questions as to what are provable and what are not provable debts, arising in bankruptcy proceedings, which trustees and committees would never discern, resulting oftentimes in the recognition and allowance of non-provable debts, to the injury of the general body of creditors. To say that trustees have power to allow debts without the form of regular proof, is certainly to say that they have the power to reject. Both powers certainly reside in them, or neither. If, then, the trustees have power to allow claims, it must follow that they must have judicial powers, and that in the exercise of such powers they determine the claims allowed by them as provable debts, when in fact they may not be provable. Having then allowed non-provable debts, they have gone one step towards determining a rule of their own for distributing the assets of the bankrupt, and their right to so determine may as well be recognized fully. But such a thing will not be contended for. No one will pretend that distribution can be made by the trustees to and among any but those whom the bankrupt act specifies.

There are still other considerations which enter into this question, but it is unnecessary to refer to them. Enough has been said to show that the provisions of the bankrupt act relating to the proof of debts, are as much in effect under arrangement as under the regular bankruptcy proceedings. Hence it follows, that James T. Brady & Co. have the same right, and are as much bound to make due proof of their debt before the register, as though the proceedings in bankruptcy had not been superseded by arrangement.

Samuel Harper, Register.

M'CANDLESS, District Judge. After a careful consideration of the opinion in Re Darby, [supra,] I am constrained to differ with my Brother TREAT, of the eastern district of Missouri.

To properly construe the 43d section, we must take the whole act together, and in doing so I can arrive at no other conclusion than that presented in the decision of Mr. Register Harper, which is hereby affirmed.