## Lazear *versus* Porter, Assignee.

87  513
f197 357

1. A sale of the lands of a bankrupt by the assignee does not divest the dower of the bankrupt's wife : In re Angier, 4 N. B. R. 619, followed.

2. The dictum in Worcester *v.* Clark, 2 Grant 84, that a sale in pursuance of a decree in bankruptcy would bar dower were it not for the third proviso of the 2d section of the Act of Congress of August 19th 1841, dissented from.

3. The Bankrupt Act of the United States and the Insolvent Debtor Act of Pennsylvania discussed and compared.

November 6th 1878.   Before Agnew, C. J., Sharswood, Mercur, Gordon, and Trunkey, JJ.   Paxson and Woodward, JJ., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term, 1878, No. 206.

Amicable action of assumpsit by W. D. Porter, assignee in bankruptcy of S. B. W. Gill, against Charlotte C. Lazear, wherein a case was stated for the opinion of the court, as follows :—

On the 28th of November 1877, S. B. W. Gill, Esq., was duly adjudged a bankrupt by the District Court of the United States, for the Western District of Pennsylvania, upon creditors' petition ; and W. D. Porter, the plaintiff, was afterward duly appointed assignee of the estate of said bankrupt, which estate included the lots of ground hereinafter mentioned, of which the said bankrupt was seised in fee at the time of the filing of said petition.

On the 27th day of May 1878, the said assignee, in pursuance of an order of said District Court, and for the purpose of raising money to pay the debts of said bankrupt, sold at public auction to the defendant, Mrs. Charlotte C. Lazear, lots Nos. 49 and 50 in

6 Norris—33

plan of the partition of George Denniston's estate, situate in the Twentieth ward of the city of Pittsburgh, for the sum of $465 cash, subject to the lien of a certain mortgage for $2550, but it was directed by said order of sale and was so stated in the advertisement thereof, that all other liens and encumbrances should be discharged by said sale.

The said bankrupt at the time of the commencement of said proceedings in bankruptcy had a wife who is still living and who, it is alleged, claims to be entitled to a dower interest in said real estate, notwithstanding said sale, insisting that the same was not thereby divested.

The said sale having been confirmed absolutely by the said District Court, the said assignee thereupon executed and tendered a deed for said premises to the defendant and demanded payment of said purchase-money, which she refused, in consequence of the aforesaid claim of dower, alleging that the same being an encumbrance thereon, she is not bound under the terms of sale, to accept and pay for the property. Wherefore this suit is brought to recover said purchase-money.

If the court should be of opinion that the right of dower of the bankrupt's wife aforesaid, was divested by the bankruptcy proceedings and sale aforesaid, then judgment to be entered in favor of the plaintiff and against the defendant above named, for the above sum of $465, with interest from the date of said sale and costs ; otherwise, judgment to be entered for the defendant for costs.

The court entered judgment for the plaintiff, which entry was assigned for error by the defendant.

*Thomas C. Lazear*, for plaintiff in error.—An assignment of his lands to trustees, by one in insolvent circumstances, for the payment of debts, will not bar the wife's right of dower : Keller *v.* Michael, 2 Yeates 300 ; Eberle *v.* Fisher, 1 Harris 526 ; Helfrich *v.* Obermyer, 3 Id. 113. The only circumstance distinguishing these cases in principle from this one, is the fact that in the latter the sale was made by order of the court. But in a case precisely like the present, which came up for adjudication in the United States District Court for the Eastern District of Pennsylvania, this fact was held to make no difference : In re Angier, 4 N. B. R. 619. The same question also arose in this court and was decided in like manner, under the Bankrupt Act of 1841, in Worcester *v.* Clark, 2 Grant 84. The sale there was likewise by order of the court and public, but WOODWARD, J., in a well-considered opinion, held, that the dower of a bankrupt's wife was not divested.

*W. D. Porter*, for defendant in error.—Land becomes a chattel for the payment of debts when the law makes it an asset for that purpose, and when the law so makes it an asset for the payment of

debts, all derivative interests are extinguished. A judgment against the husband alone or a mortgage in which the wife does not join, binds the land of the husband, and a sale thereon bars the wife's right of dower: Scott *v.* Croasdale, 1 Yeates 75; 2 Dallas 127; Directors of the Poor *v.* Royer, 7 Wright 146.

When a man dies the Orphans' Court takes charge of his estate, and the law of this state makes his land an asset for the payment of his debts and a sale for that purpose bars dower: Mitchell *v.* Mitchell, 8 Barr 126; Helfrick *v.* Obermyer, 3 Harris 113. The case most analogous to this is that of bankruptcy.

The general principle that a judicial sale in this state will bar the wife's right of dower will not be questioned. Was this a judicial sale, within the meaning of the rule? It was a sale of property of which the District Court of the United States had, through its officer, taken possession, not by virtue of any conveyance made by the debtor, as is the case of an assignment by an insolvent to trustees for the payment of debts, but by virtue of a decree of said court adjudging the owner of said property an involuntary bankrupt. The sale was made under an order of said court establishing its terms and conditions, and requiring a report to be made to the court. It was public, and upon report to the court was confirmed. What element of a judicial sale is lacking?

In the case of Worcester *v.* Clark, 2 Grant 84, WOODWARD, J., who delivered the opinion of the court, said: " On the general principles long recognised in Pennsylvania, that lands are assets for payment of debts, and that dower is barred by sheriff's sale, in virtue of either a judgment or mortgage, executed by the husband alone, I should have no difficulty in holding, that a sale in pursuance of a decree in bankruptcy would also bar dower were it not for the third proviso to the 2d section of the Act of Congress, of 19th August 1841, establishing a uniform system of bankruptcy. That proviso is in these words: ' That nothing in this act contained, shall be construed to annul, destroy or impair any lawful rights of married women or minors, or any liens, mortgages, or other securities on property, real or personal, which may be valid by the laws of the states, respectively, and which are not inconsistent with the 2d and 5th sections of this act.' The question on this record is, whether a married woman's interest in her husband's lands is saved by this proviso." The court held that it was. No such proviso occurs in the Bankrupt Act of 1867, or its supplement of 1874, and, therefore, such a sale under these acts must bar dower.

The case of In re Angier, 4 N. B. R. 619, cited by plaintiff in error, is not authority in this court. It was a motion to set aside a sale by the assignee, a matter entirely within the discretion of the court, and not subject to appeal to the Circuit Court of the United States. And an examination of the authorities cited and

[Lazear *v.* Porter, Assignee.]

relied upon in that case will show that they sustain no such principle as that sought to be established.

Mr. Justice TRUNKEY delivered the opinion of the court, January 6th 1879.

The question presented is, does a sale of the lands of a bankrupt by the assignee divest dower of the bankrupt's wife?

By operation of law the title of the bankrupt's real estate is vested in the assignee from the date of the commencement of the proceedings in bankruptcy: Rev. Stat. U. S., § 5044. The assignee shall sell the unencumbered real estate on such terms as he thinks most for the interest of the creditors: Rev. Stat. U. S., § 5062. He shall have authority, under the direction of the court, to redeem or discharge any mortgage or lien upon the real estate, or to sell the same subject to such mortgage or lien: Rev. Stat. U. S., § 5066. On application of any party in interest the court shall have complete supervisory power over such sales, including the power to set aside the same and order a resale : Act of United States, June 22d 1874, sec. 4.

In Pennsylvania an insolvent debtor, under arrest and imprisonment, to procure his discharge, shall execute an assignment of all his estate to trustees nominated by his creditors and appointed by the court: Act 1836, Purd. Dig. 779, pl. 22. The trustees shall be deemed vested with all the estate of the insolvent, at the time of filing his petition, subject to liens: Act 1836, Purd. Dig. 782, pl. 42. They shall convert the estate into cash and make distribution among the creditors: Act 1836, Purd. Dig. 780, pl. 32. The property of the insolvent vests in the trustees by operation of law, not by virtue of the assignment: Ruby *v.* Glenn, 5 Watts 77.

The salient points, touching the question in hand, of the Bankrupt Law and Insolvent Debtor Act, have been noted, the better to observe the similarity of the title which passes to the assignee in the one and trustee in the other, a title created by operation of law, in each, in trust for creditors. The entire estate of the bankrupt is transmitted, so of the insolvent. The assignee is subject to the power and direction of the court, and so is the trustee. In each the estate is to be converted into money for payment of debts, and the accounts are subject to examination of the respective courts. Nothing is said, in either statute, of the incipient estate of the bankrupt's or insolvent's wife. The revised Act of 1836 was a re-enactment of prior statutes of like tenor relative to insolvents. At an early day it was held that the quasi-judicial proceedings for disposition of insolvent's estates did not defeat the right of dower: Keller *v.* Michael, 2 Yeates 300. At a later day the same doctrine was held in Eberle *v.* Fisher, 1 Harris 526, when the court said : " In 1822 our insolvent laws required the assignment to be made when the unfortunate debtor was in custody. He must so make it

[Lazear v. Porter, Assignee.]

to obtain his discharge. His creditors designated and the court appointed the trustee. The interest which his assignee had was precisely his interest and no more. He sells his effects, real, personal and mixed. He collects his debts and he divides the fund according to law among the creditors. If a surplus, he returns it to the debtor. The wife is not named in our insolvent laws, and if the insolvent has real estate, which is sold by the trustee, and she survives her husband, she is entitled to dower in that estate." By parity of reasoning the purchaser from an assignee in bankruptcy takes subject to the bankrupt's wife's right of dower. So held the learned and able judge of the United States District Court for the Eastern District of Pennsylvania: In re Angier, 4 N. B. R. 619.

Of course, as said by defendant in error, "the general principle that a judicial sale in this state will bar the wife's right of dower will not be questioned" Nor will the principles held in Directors of the Poor v. Royer, 7 Wright 146. Nor will we say that the very foundation of those principles is, that the debts are liens at and immediately before the seizure and sale. We are not convinced that an assignee's sale is within the rule. We see no substantial distinction between it and a sale by a trustee under our statute. Hence, we wholly dissent from the dictum in Worcester v. Clark, 2 Grant 84, that "On general principles long recognised in Pennsylvania, that lands are assets for payment of debts, and that dower is barred by a sheriff's sale, in virtue of either a judgment or mortgage executed by the husband alone, I should have no difficulty in holding, that a sale in pursuance of a decree in bankruptcy would also bar dower, were it not for the third proviso to the 2d section of the Act of Congress of 19th August 1841." Dower is a legal, an equitable, and a moral right. It is favored in a high degree by law, and, next to life and liberty, held sacred: McKEAN, C. J., Kennedy v. Nedrow, 1 Dall. 417. A widow's right of dower commences with her marriage; it is held so sacred a right, that no judgment, recognisance, mortgage or any other encumbrance whatever, made by the husband after the marriage, can, at common law, affect her right of dower; even the king's debt cannot affect her: SHIPPEN, P. J., Graff v. Smith, 1 Dall. 484. The only modification of these principles, that we have suffered, is in treating the rights of creditors as paramount, and permitting them, through a judicial sale, to bar dower; a policy often questioned and which is not to be extended beyond established limits; WOODWARD, J., Worcester v. Clark, supra. That policy, from any principle of analogy, should not be extended a whit farther. It has been carried too far and has too often divested estates of women, incident though they be to the marital relation, when no equitable principle so required. Nothing should be taken to prejudice a wife's estate by mere inference. A statute ought not to be

interpreted as authorizing a sale of the husband's lands, freed from dower, unless such is its clear intendment. Were the meaning of the bankrupt law and the effect of a sale of the bankrupt's land, as to dower, doubtful, the conclusion must be that the wife's estate is not divested.

> Judgment reversed, and judgment is now entered upon the case stated for defendant for costs.