## PORTER, Assignee, *v.* LAZEAR.

IN ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYL-
VANIA.

Submitted October 11th, 1883.—Decided October 29th, 1883.

*Assignment—Bankruptcy—Dower.*

In Pennsylvania, as in other States, dower is not barred by an assignment of the husband's estate under the Bankrupt Act of the United States, and a sale by the assignee in bankruptcy under order of the court.

Amicable suit by an assignee of a bankrupt to recover pur-

chase-money of real estate of the bankrupt sold at public sale; the object of such suit being to determine whether the right of the bankrupt's wife to dower passed at the sale.

The case was submitted by the plaintiff in error on the brief of his attorney, *Mr. D. T. Watson.*

MR. JUSTICE GRAY delivered the opinion of the court.

This is an action by the assignee in bankruptcy of S. B. W. Gill to recover the purchase money of land of the bankrupt, sold by the plaintiff to the defendant.

In the case stated by the parties the following facts were agreed: On the 28th of November, 1877, Gill, upon petition of his creditors, was adjudged a bankrupt by the District Court of the United States for the Western District of Pennsylvania, and the plaintiff was afterwards appointed assignee of his estate, which included two lots of land in Pittsburgh. On the 27th of May, 1878, the assignee, pursuant to an order of the district court, and for the purpose of raising money to pay the bankrupt's debts, sold these lots by public auction to the defendant for the sum of $465, subject to the lien of a certain mortgage for $2,550; but the order of the court directed, and the advertisement thereof stated, that all other liens and incumbrances should be discharged by the sale. At the time of the commencement of the proceedings in bankruptcy, the bankrupt had a wife, who is still living, and who claims a right of dower in the land. The sale having been confirmed absolutely by the district court, the assignee thereupon executed and tendered a deed of the land to the defendant, and demanded payment of the purchase money, which was refused, by reason of the incumbrance of the right of dower. It was agreed that if the court should be of opinion that the right of dower of the bankrupt's wife was divested by the bankruptcy proceedings and sale, judgment should be entered for the plaintiff for the sum of $465, with interests and costs; otherwise, judgment for the defendant.

Upon the case stated the Supreme Court of Pennsylvania

gave judgment for the defendant, and the plaintiff sued out this writ of error.

The single question is, whether a wife's right of dower is barred by an assignment in bankruptcy and a sale by the assignee in bankruptcy under order of the court. By the law of England, which is our law in this respect, except so far as it has been changed by statute, the wife's right of dower is no part of the estate of the husband, and is not affected by proceedings in bankruptcy against him. *Squire* v. *Compton,* Vin. Ab. Dower, G. pl. 60; *Smith* v. *Smith,* 5 Ves. 189. If it is barred in this case, it must be either by force of the provisions of the recent Bankrupt Act, or by reason of the nature of the right of dower under the local law of Pennsylvania.

But, under the provisions of the Bankrupt Act, all that passes to the assignee by the assignment in bankruptcy, or that can be sold by direction of the court, is property or rights of the bankrupt, or property conveyed by the bankrupt in fraud of creditors, unless indeed a person holding a mortgage or pledge of, or lien upon, property of the bankrupt elects to release the same. Rev. Stat. §§ 5044–5046, 5061–5066, 5075; Stat. 22d June, 1874, c. 390, § 4; *Donaldson* v. *Farwell,* 93 U. S. 631; *Dudley* v. *Easton,* 104 U. S. 99, 103.

The law of Pennsylvania as to the liability of the right of dower to be taken for the debts of the husband is certainly in some respects peculiar.

An act passed in 1705, "for taking lands in execution for payment of debts," provided that all lands of a debtor, having no sufficient personal estate, should be liable to be seized and sold upon judgment and execution obtained against him ; and that in case of default in payment of any debt secured by mortgage of real estate, the mortgagee might by writ of *scire facias* obtain execution to be levied by sale of the mortgaged premises. 1 Dall. Laws of Penn. 67–71. Another act passed in the same year, "for the better settling of intestates' estates," while recognizing a right of dower in the widow, " which dower she shall hold as tenants in dower do in England," authorized the administrator, in case of insufficiency of the personal estate, to

sell and convey the lands of the deceased, including the rights of the widow therein, for the payment of his debts. Ib. Appendix, 43–45.

It was established by judicial decisions in Pennsylvania, upon the construction and effect of these statutes, before the beginning of the publication of reports, that the wife's right of dower could be taken and sold on execution upon a judgment recovered against the husband, or upon *scire facias* on a mortgage executed for valuable consideration by him alone, or under a devise by him for the payment of his debts. *Howell* v. *Laycock*, cited in 2 Dall. 128, and 4 Dall. 301, note; *Graff* v. *Smith*, 1 Dall. 481, 484; *Scott* v. *Crosdale*, 2 Dall. 127; *S. C.* 1 Yeates, 75; *Mitchell* v. *Mitchell*, 8 Penn. State, 126; *Blair County Directors* v. *Royer*, 43 Penn. State, 146.

The grounds of those decisions have been explained by two of the most eminent judges of Pennsylvania.

In *Kirk* v. *Dean*, 2 Binn. 341, 347, Chief Justice Tilghman said:

"It may be proper to take notice of deeds of mortgage of the husband's property. It is understood that by such deeds the wife may be barred of dower, though she was no party to the conveyance. But this depends on another principle, in which the law of Pennsylvania differs from the common law. The right of creditors prevails against the right of dower. A purchaser under an execution against the husband takes the land discharged of dower; and the only mode of proceeding on a mortgage, with us, is to sell the land by an execution. We have no court in which the equity of redemption can be foreclosed."

In *Helfrich* v. *Obermyer*, 15 Penn. State, 113, 115, Chief Justice Gibson said:

"Land is a chattel for payment of debts, only when the law has made it a fund for that purpose. It then has undergone a species of conversion, so far as may be necessary to the purpose of satisfaction, which extinguishes every derivative interest in it which cannot consist with the qualities it has been made to assume. Thus, a judgment, or a mortgage, binds it and converts it; and it is seized as personal property on a *fieri facias*, which

commands the sheriff to levy the debt off the defendant's goods and chattels. We readily comprehend how a sale on a judgment, a mortgage, or an order of the Orphans' Court, passes the land freed from dower ; but the reason is not so obvious why a sale under a testamentary power, created in good faith, for the benefit of creditors, should do so. It is because the law mades a decedent's land a fund for payment of his debts, by giving the creditors a lien on it, which might be enforced by judicial process, and would extinguish the widow's dower in it. It would come to the same thing in the end, and she is consequently not injured by a process substituted by the husband to produce exactly the same result."

It thus appears that the right of dower in Pennsylvania does not differ, in nature or extent, from the right of dower at common law, except so far as the local law has made it a chattel for the payment of debts of the husband, either by converting it into personalty, in his lifetime, by virtue of the effect attributed by that law to a judgment recovered against him or a mortgage executed by him, either of which could only be enforced in that State by a levy of execution in common form ; or by giving his creditors, after his death, a lien upon the whole title in the land.

The State court has accordingly constantly held that, with these exceptions, the right of dower is as much favored in Pennsylvania as elsewhere, that the old decisions are not to be extended, and that neither an absolute conveyance by the husband, nor an assignment by him for the benefit of creditors, whether executed voluntarily or under a requirement of the insolvent law of the State, impairs the wife's right of dower. *Kennedy* v. *Nedrow*, 1 Dall. 415, 417 ; *Graff* v. *Smith*, and *Kirk* v. *Dean*, above cited ; *Killinger* v. *Reidenhauer*, 6 S. & R. 531 ; *Riddlesberger* v. *Mentzer*, 7 Watts, 141 ; *Keller* v. *Michael*, 2 Yeates, 300 ; *Eberle* v. *Fisher*, 13 Penn. State, 526 ; *Helfrich* v. *Obermyer*, above cited ; *Worcester* v. *Clark*, 2 Grant, 84.

In *Worcester* v. *Clark*, just cited, it was held that the sale of a bankrupt's real estate by his assignee under the Bankrupt Act of 19th August, 1841, c. 9, did not divest the widow's right

of dower. It is true that the decision was put upon the ground that the right of dower was saved by the proviso, inserted in the second section of that act, that "nothing in this act contained shall be construed to annul, destroy, or impair any lawful rights of married women, which may be vested by the laws of the States respectively, and which are not inconsistent with the provisions of the second and fifth sections of this act;" and that the judge delivering the opinion said that, were it not for that proviso, he should have no difficulty in holding that a sale in pursuance of a decree in bankruptcy would, like a sheriff's sale by virtue of either a judgment or a mortgage, bar dower. But the decision is significant as evidence that by the law of Pennsylvania a right of dower is "a lawful right, valid by the law of the State," and as treating the question whether it was divested by proceedings in bankruptcy as depending upon the true construction of the Bankrupt Act. Upon this question of construction, we are not bound by the opinion of the State court, and have no hesitation in disapproving the dictum, and in holding that the proviso relied on was not in the nature of an exception to or restriction upon the operative words of the act, but was a mere declaration, inserted for greater caution, of the construction which the act must have received without any such proviso, and that the omission of the proviso in the recent Bankrupt Act does not enlarge the effect of the assignment or of the sale in bankruptcy, so as to include lawful rights which belong not to the bankrupt but to his wife.

The result is, that, so far as this case depends upon the construction of the Bankrupt Act of the United States, this court is of opinion that there is nothing in that act, or in the proceedings under it, to bar the wife's right of dower in lands of which her husband was seized during the coverture; and that, so far as it depends upon the law of Pennsylvania, the decision of the Supreme Court of that State in this case, reported in 87 Penn. State, 513, is in accord with all the previous adjudications of that court, and is strong, if not conclusive, evidence against the plaintiff in error.

It may be added that this decision is in conformity with one made twelve years ago by Judge Cadwalader in the District

Court of the United States for the Eastern District of Pennsylvania. *In re Angier*, 10 Amer. Law Rég. (N. S.) 190; *S. C.* 4 Bankr. Reg. 619.

*Judgment affirmed.*