---

In re HAYS.

(Circuit Court of Appeals, Sixth Circuit. March 8, 1910. On Rehearing.)

No. 1,970.

1. MORTGAGES (§ 281*)—CHARACTER OF MORTGAGE—PURCHASE-MONEY MORTGAGE.

Where one purchased certain property subject to a mortgage, which he assumed and agreed to pay as a part of the purchase price, the mortgage, as to him, became a purchase-money mortgage.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 281.*]

2. BANKRUPTCY (§ 267*)—ASSETS—DOWER INTEREST—WHAT LAW GOVERNS.

The dower interest of a bankrupt's wife in mortgaged premises sold as a part of the bankrupt's estate must be determined in accordance with the state law.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 267.*]

3. BANKRUPTCY (§ 267*)—ASSETS—DOWER.

The dower interest of a bankrupt's wife in mortgaged real estate, sold as a part of the bankrupt's estate, was no part of the bankrupt's assets

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

since Bankr. Act July 1, 1898, c. 541, § 70a, cl. 5, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), vesting title of the bankrupt in his trustee, does not purport to affect the wife's interest.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 267.*]

4. DOWER (§ 45*)—ASSIGNMENT FOR CREDITORS.

Under Ohio Rev. St. §§ 5719, 6348, 6350f, 6350g, regulating dower, and voluntary general assignments for the benefit of creditors, the dower right of an insolvent's wife in his real estate is not impaired.

[Ed. Note.—For other cases, see Dower, Dec. Dig. § 45.*]

5. BANKRUPTCY (§ 267*)—MORTGAGED REAL ESTATE—SURPLUS—DOWER.

Ohio Rev. St. § 4188, provides that a widow who has not relinquished, or been barred of the same, shall be endowed of an estate for life in one-third of all the real property of which the deceased consort was seised as an estate of inheritance at any time during marriage, and in one-third of all the real property of which the deceased consort, at decease, held the fee simple in reversion or remainder. *Held,* that where land of a bankrupt, subject to a purchase-money mortgage, was sold by the bankrupt's trustee, the bankrupt's wife, as against his general creditors, was only entitled to dower in the surplus, and not in the whole proceeds, payable out of such surplus.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 267.*]

In the matter of bankruptcy proceedings against Otho L. Hays. On petition of Carrie E. Hays to review an order awarding her dower in the surplus of the proceeds of mortgaged premises. Affirmed.

H. M. Roberts, for petitioner.

W. J. Geer and J. N. Van Deman, for respondent.

Before SEVERENS and WARRINGTON, Circuit Judges, and KNAPPEN, District Judge.

WARRINGTON, Circuit Judge. The single question in this case is whether, as respects proceeds of sale derived from real property located in Ohio and sold to pay a purchase-money mortgage of a husband, and as against the husband's creditors except such mortgagee and his privies, the wife's contingent right of dower extends merely to the surplus remaining after payment of such mortgage indebtedness or to the whole proceeds and payable only out of the surplus.

On April 29, 1904, Otho L. Hays made a general assignment for the benefit of his creditors under the laws of Ohio. His assignment was subsequently charged against him as an act of bankruptcy, upon which he was adjudged a bankrupt under an involuntary petition. Thereupon the trustee in bankruptcy filed a petition for sale of the bankrupt's real estate, including parcel 4, situated in Columbus, Ohio. Prior to his assignment, Hays had purchased this parcel subject to mortgage in favor of the Bank of Westerville for $16,000, and had assumed and agreed to pay the same as part of the purchase price. Whether the mortgage debt was due either on the date of Hays' assignment or of the adjudication in bankruptcy does not definitely appear, though it may, we think, be reasonably inferred that it had matured prior to the first date alluded to. Hays' assignee paid out of the income of the estate enough to reduce the mortgage to $14,431.67. The trustee in bankruptcy sold the property for $32,005, and out of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this sum he paid the balance due on the mortgage. The surplus is in his hands.

For the purposes of the sale Mrs. Hays waived assignment of dower in this property by metes and bounds. She claims that her inchoate right of dower extends to the entire proceeds of sale in the sense that the value is to be estimated on that hypothesis, but that as against the mortgagee it is payable only out of the surplus. In the court below her right was restricted to the surplus. This is complained of as error. The surplus is greater than the amount of Mrs. Hays' claim. She has brought the case here on petition for review.

The dower interest must be determined by the law of Ohio. The wife's right of dower was no part of the estate of her husband; and the operative words of clause 5, section 70a, of the present bankruptcy act, vesting title of the bankrupt in his trustee, do not purport to affect the wife's interests. Act July 1, 1898, c. 541, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451). Porter v. Lazear, 109 U. S. 84, 86, 3 Sup. Ct. 58, 27 L. Ed. 865. The decision in that case was made under the bankruptcy act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517). No allusion was in terms made in the act to the right of dower. The only reference made to this right in the present act is in section 8. In the proviso of that section the widow's right of dower is preserved to her as fixed by the "law of the state of the bankrupt's residence" in the event of his death. This evinces at least a precautionary purpose not to interfere with any right of dower. But, after all, it was only declaratory of an interpretation which the act would have received without the precaution.

When speaking of a proviso contained in the bankruptcy act of 1841 (Act Aug. 19, 1841, c. 9, 5 Stat. 440), forbidding any construction that would "annul, destroy or impair any lawful rights of married women, which may be vested by the laws of the states respectively," Justice Gray in Porter v. Lazear said (page 89 of 109 U. S., page 61 of 3 Sup. Ct. [27 L. Ed. 865]):

"* * * The proviso * * * was not in the nature of an exception to or restriction upon the operative words of the act, but was a mere declaration, inserted for greater caution, of the construction which the act must have received without any such proviso, and that the omission of the proviso in the recent bankruptcy act does not enlarge the effect of the assignment or of the sale in bankruptcy, so as to include lawful rights which belong not to the bankrupt, but to his wife."

See, also, comments upon provision relating to dower in the present act; Hanover Nat. Bank v. Moyses, 186 U. S. 181, 190, 22 Sup. Ct. 857, 46 L. Ed. 1113; In re McKenzie, 142 Fed. 383, 386, 73 C. C. A. 483, 486; Thomas v. Woods, 173 Fed. 585, 595, 97 C. C. A. 535, 545.

It is not claimed, as plainly it could not be, that the general assignment made by Hays impaired his wife's right of dower. Sections 5719, 6348, 6350f, 6350g, Ohio Rev. St. On the contrary, it is admitted that Mrs. Hays' right of dower is vested in and is to be determined upon the basis either of the surplus or entire proceeds of sale. The right of dower in Ohio at the dates in question in this case was, as it now is, regulated by statute. Section 4188, Rev. St., provides:

"A widow or widower who has not relinquished or been barred of the same shall be endowed of an estate for life in one-third of all the real property of which the deceased consort was seised as an estate of inheritance at any time during the marriage, and in one-third of all the real property of which the deceased consort, at decease, held the fee simple in reversion or remainder. ⁂ ⁂ ⁂"

It is settled in Ohio that:

The "contingent right of a wife, during her husband's life, to be endowed of his real estate at his death, is property having a substantial (and ascertainable) value." Mandel v. McClave, 46 Ohio St. 407, 22 N. E. 290, 5 L. R. A. 519, 15 Am. St. Rep. 627.

When determining the value of this right in mortgaged property, difficulty is met in trying to ascertain the precise meaning of the phrase, "real property of which the deceased consort was seised as an estate of inheritance at any time during the marriage." Is the value to be estimated, say in the present case, according to the legal estate alone or according to the legal estate and beneficial estate together, which the husband held in his own right in real property at any time during the marriage? In considering this question, it is to be observed that no claim is made that the right of dower can prevail against the right of the mortgagee or those claiming under him, where the wife either has or has not released dower in case of a purchase-money mortgage, or where she has released dower in case of a mortgage made subsequently to acquisition of title by her husband to secure his individual debt; but the contention is that her right in either case is superior to that of any one else.

We agree with the court below in treating the mortgage in this case as a purchase-money mortgage; for, under the rule prevailing in Ohio, the promise of Hays to assume and pay the mortgage inured to the mortgagee bank and those claiming under it. Poe v. Dixon, 60 Ohio St. 124, 54 N. E. 86, 71 Am. St. Rep. 713. Indeed, we do not understand that there is any controversy as to the nature of the mortgage. Is the value, then, of Mrs. Hays' right of dower to be estimated as though she were dowable of the whole proceeds or of the surplus only? In Culver v. Harper, 27 Ohio St. 464, the material facts were analogous to the facts disclosed in the present record. Harper had prior to his marriage bought the property in question and at the time of the purchase had given a mortgage to secure balance of purchase price. At the time of his marriage no part of the debt was due; but the mortgage note and interest matured more than a year before his death. He died testate, the widow refused to take under the will, and the executors found it necessary to sell the property to pay the balance due under the mortgage. After paying the debt, a surplus remained. The question was stated in the opinion thus: "Is Lucinda Harper dowable of this surplus alone, or of the whole sum for which the mortgaged premises sold?" The judges of the court concurred in holding, as stated in the syllabus:

"The widow of a purchase-money mortgagor, mortgage given before marriage, and property sold by executors to pay the mortgage debt, is not dowable of the whole proceeds, but only of the surplus remaining after satisfying the mortgage."

The principle of Culver v. Harper was followed and the case itself was approved in Fox v. Pratt, 27 Ohio St. 512. The judges concurred in holding, as stated in the syllabus:

"A widow is dowable of the surplus remaining after the payment of a purchase-money mortgage."

If these were the only decisions of the court of last resort in Ohio upon this subject, our task would be ended. But it is urged by counsel for Mrs. Hays that those cases are inconsistent with and in effect overruled by Kling v. Ballentine, 40 Ohio St. 391, and Mandel v. McClave, supra. The ground of the claim is that the first-named cases were founded on State Bank v. Hinton, 21 Ohio St. 509, and that that case was overruled in Mandel v. McClave. It is true that in the Culver and Fox Cases reliance was placed on the decision in State Bank v. Hinton, but, in view of the reasoning of the court and of other citations made in the decision of the Culver Case, we think it is a mistake to say that the State Bank Case alone was relied on.

It is important next to consider State Bank v. Hinton and Mandel v. McClave. The widow in the former and the wife in the latter case claimed dower interests in lands of the respective husbands which had been mortgaged in each instance by the joint action of husband and wife. Neither mortgage involved purchase money, but each had been given to secure a loan made exclusively to the husband. In the former case the widow was held (as against persons claiming under the mortgagor's grant of the equity of redemption without joinder of his wife) to be dowable only in the surplus remaining after payment of the mortgage indebtedness; while in the other case the wife was allowed (as against judgment creditors of her husband) to recover according to an estimate based upon the total proceeds of sale. If in the later decision State Bank v. Hinton was not overruled, it was limited and declared to be simply a rule of property to be applied to cases coming within its exact terms.

The last two paragraphs of the syllabus in which the judges concurred in Mandel v. McClave are as follows:

"Where the wife has joined in a mortgage of the husband's lands to secure his debt, upon a judicial sale of the premises, she may have the value of her contingent right of dower in the entire proceeds ascertained, and the husband's entire interest therein shall be exhausted to pay the debt before resorting to the interest of the wife therein.

"The release, in such mortgage, of her contingent right of dower, does not inure to the benefit of the husband's subsequent judgment creditors, and, as against them, the ascertained value of her contingent right of dower in the entire proceeds of the sale will be paid to her out of the balance left when the mortgage debt is paid, before any part thereof will be distributed to them on their judgment."

Kling v. Ballentine was approved in Mandel v. McClave and, so far as pertinent to the present discussion, is like that case, except that in the former the widow's right of dower was allowed against claims of devisees. The decision in Mandel v. McClave has been approved in several cases, but not under circumstances requiring more than the statement that they show adherence to the doctrine that when the dower right once exists it cannot be affected except through release

of the wife, and then only by the person in whose favor the release is made and those claiming under him. Finley v. Bank, 52 Ohio St. 624, 44 N. E. 1135, for report of which see 32 Wkly. Law Bul. 382; Joyce v. Dauntz, 55 Ohio St. 538, 552, 45 N. E. 900; Jewett v. Feldheiser, 68 Ohio St. 523, 534, 67 N. E. 1072.

Thus Culver v. Harper and Fox v. Pratt on the one hand, and Mandel v. McClave and Kling v. Ballentine on the other, disclose two distinct classes of decisions affecting the right of dower. One embraces purchase-money mortgages, and the other mortgages executed by husband and wife to secure his debts. Under the first class, the dower right is limited to the surplus remaining after payment of the mortgage; under the other, that right extends to the entire proceeds. The controlling principle of all of the decisions we have considered, except that of State Bank v. Hinton, would appear to be that the dowable interest of the wife or widow must be measured by the beneficial interest of the husband in the real property of which he was seised in his own right at the date of the mortgage, and, of course, during the marriage. If the husband's legal (or inheritable) estate in the property was held subject to a purchase-money mortgage, the dowable interest is likewise limited. If the husband possessed an unincumbered fee-simple title, the dowable interest extends to the whole estate; and a mortgage of such property by the husband with release of dower by the wife to secure a debt of his own entitles her to the rights of a surety, and to her original dowable interest in the whole property or its proceeds when the debt of the husband is paid.

There is still another case that must be considered before determining whether this classification still subsists. In Hickey, Adm'r, v. Conine, 71 Ohio St. 548, 74 N. E. 1137, the Supreme Court of Ohio affirmed without report the decision of the Ohio Circuit Court reported in 6 Ohio Cir. Ct. R. (N. S.) 321, affirming the decision of the Common Pleas, 3 Ohio N. P. (N. S.) 209. The facts of the case are not sufficiently reported below to disclose the precise grounds upon which the decisions below might have been affirmed by the Supreme Court. It appears, however, that Conine died seised of property which he had purchased subject to a mortgage and that he had assumed and agreed to pay it as part of the purchase price. His administrator filed a petition in the probate court making the widow a party for the purpose of selling this real estate to pay debts of the deceased. The property was sold and the widow was held to be dowable of the whole proceeds, and entitled to be paid out of the surplus accordingly. The widow claimed a right of subrogation to a certain sum which she had paid on account of the property, but this was denied in both of the courts below. Thus the only question determined in her favor in any of the courts was the one stated in respect of the dower. If we are right in our interpretation of the mortgage involved in the case under review, it is plain that the mortgage in question in the Conine Case was a purchase-money mortgage.

It would seem at first blush that the Conine Case abrogated the classification before pointed out, and so placed purchase-money mortgages in the class established for loan mortgages. But is this the necessary

consequence of that decision? It is true that in the opinion of the common pleas court the cases of Culver v. Harper and Fox v. Pratt are criticised, and that the trial judge could see no distinction between the right of dower held under a purchase-money mortgage and that held with release of dower under an ordinary loan mortgage. While approval of the common pleas opinion is expressed in the Circuit Court opinion, yet in the latter much stress is laid on the fact that the conditions of the Conine mortgages were not broken at the time of his decease. The dower interest had thus become consummate and in that sense had vested. What force may be rightfully ascribed to this fact we do not undertake to say. It is enough to state, as before pointed out, that no such fact appears in respect of the Hays mortgage. Furthermore, it does not appear in the Conine Case, as it does in the present case, whether the estate was solvent or insolvent; in other words, it does not appear whether extending the basis of dowable interest in the widow beyond any beneficial interest ever held in the property by Conine, in fact, operated prejudicially or not to others.

But it is to be observed above all other things that the Supreme Court must have found some facts in the record to distinguish the Conine Case from Culver v. Harper and Fox v. Pratt; because it cannot be presumed that the court would have suffered those cases to be overruled without mentioning the fact. More than this, there must have been in the estimation of the judges concurring in the decision of Mandel v. McClave and approving the Kling Case and overruling State Bank v. Hinton a substantial distinction between those cases and the cases of Culver v. Harper and Fox v. Pratt; for neither of the latter cases is even mentioned in the Mandel Case. The extent alone of beneficial interest residing in the husband at the date of an ordinary loan mortgage, when compared with the extent of interest of a husband under a purchase-money mortgage as before pointed out, is a distinction plainly to be deduced from the Mandel decision. The fact also that neither the Culver Case nor Fox Case was mentioned in the Kling Case likewise indicates that the concurring judges in that case did not regard their decision as in conflict with the underlying principle of the Culver and Fox Cases.

It will not escape attention, moreover, that there was no room for distinction between the Mandel Case and the cases of Culver and Fox upon any theory of the difference between a contingent and a vested dower right; for the reason that the facts for the application of such a distinction were present when State Bank v. Hinton was overruled. True, this is suggestive of closer analogy between the Conine Case and the present case; but this only strengthens the presumption, as before stated, that there must have been some facts in the record of the Conine Case to distinguish it from the Culver and Fox Cases. We are thus constrained to believe that the rule of decision laid down in those cases has not been overthrown, and that the present case is governed by that rule. It is therefore unnecessary to pass upon the contention that in respect to estates of insolvent debtors section 6350g, Rev. St. Ohio, was enacted for the purpose of changing the rule of Mandel v. McClave, and in effect restoring that of State Bank v. Hinton. To be

sure, if that statute is open to that contention and the construction placed upon it in Holmes Co. v. Book, 1 Ohio N. P. 58, the present case is obviously distinguishable from the Conine Case. But, while recognizing that the act is somewhat persuasive of what the Legislature thought the law to be, we prefer to rest our conclusion on the grounds before stated.

The decision below must therefore be affirmed, with costs.

## On Rehearing.

Petition for rehearing denied, on the ground that analysis of the record in Hickey, Adm'r, v. Conine, accompanying the petition, confirms the fact relied on by the state circuit court as to the conditions of the Conine mortgages.