## In re CODORI.

(District Court, M. D. Pennsylvania. September 6, 1912.)

### No. 2,155.

BANKRUPTCY (§ 262*)—REAL ESTATE—SALE BY TRUSTEE—DOWER.

Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), provides that the trustee shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by equitable or legal proceeding on the bankrupt's property. *Held* that, since in Pennsylvania a widow is entitled to dower only in what remains of her husband's estate after payment of debts, an order directing a bankrupt's trustee to sell his real property located in Pennsylvania free of liens contemplated a sale discharged of the inchoate dower right of the bankrupt's widow; and hence a sale subject to such rights would not be confirmed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 363–365; Dec. Dig. § 262.*]

In Bankruptcy. In the matter of bankruptcy proceedings of William F. Codori, bankrupt. On exceptions to the confirmation of a sale of bankrupt's real property. Confirmation refused, and trustee directed to readvertise and sell.

Donald P. McPherson, of Gettysburg, Pa., for exceptions.

Chas. S. Duncan, of Gettysburg, Pa., and Robert Snodgrass, of Harrisburg, Pa., opposed.

WITMER, District Judge. The referee ordered the real estate to be sold at public sale free from all liens and incumbrances. The

trustee advertised and sold it "free of all liens and incumbrances under order of sale by the referee in bankruptcy, except the inchoate dower interest of Carrie S. Codori, the wife of William Codori, the bankrupt." The property was purchased by the bankrupt's wife, and the sale confirmed nisi by the referee. The matter is here for final confirmation, with exceptions.

The exceptions are chiefly founded upon the allegations that the sale was not made in accordance with the terms of the order of court, and in compliance with the act of Congress relating to bankruptcy as amended by the act of June 25, 1910, and that it proved prejudicial to the rights of the bankrupt's creditors. In this way the question is presented whether the order of the referee authorizing and directing sale of the bankrupt's real estate free and discharged of liens and incumbrances carries with it the power to discharge and convey it free and absolved from the widow's inchoate right of dower.

Whether the right to dower under the order, if sold accordingly, would have been extinguished, depends entirely upon the amendment of section 47a (2) of the Bankruptcy Act, since before, a sale would not have so operated. Porter v. Lazear, 109 U. S. 84, 3 Sup. Ct. 58, 27 L. Ed. 865; In re Shaeffer (D. C.) 5 Am. Bankr. Rep. 248, 105 Fed. 352. By the provisions of section 70, subd. 5, the trustee is invested with the bankrupt's title to all property which he, prior to the filing of the petition, could have transferred, or by judicial process might have been sold for him. And as to such property the trustee, by section 47a (2), as amended by the act of June 25, 1910, "shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceeding thereon." The trustee, therefore, as has often been decided, concerning such real estate of the bankrupt in his possession, is in the position of a lien creditor. The amendment had the effect of vesting in the trustee the enlarged rights, remedies, and powers of a judgment or other creditor having a lien upon the bankrupt's real estate (Bank of North America v. Penna. Motor Car Co., 235 Pa. 194, 83 Atl. 622), enabling him to sell such real estate acquitted and discharged of the inchoate right of the widow's dower, to the same effect as by a sheriff's sale after levy on proper writ of execution.

In Pennsylvania the widow's right to dower in her husband's real estate has not been favored, so as to exclude the just demands upon it for his debts. She is entitled to dower only in what remains of her husband's estate after payment of debts. His land has always been held as an asset or chattel for the payment of his debts; and the sale of his land on judgment, mortgage, or other lien whatever has been held to bar the wife's right of dower in such land. Director of the Poor v. Royer, 43 Pa. 146. Hence the order to sell free and discharged of liens by the enlarged authority conferred by the amendment, placing the trustee into the position of a lien creditor, contemplated the discharge of the widow's inchoate right of dower, and the trustee had no authority to sell otherwise. To have done so beyond doubt operated to the prejudice of the bankrupt's creditors, since it

207 F.—50

is well understood that real estate is not as desirable with as without such interest as the trustee attempted to reserve.

Confirmation of the sale is refused, and the trustee is directed to advertise again and sell as directed by the referee.