### In re CHOTINER.

(District Court, W. D. Pennsylvania. September 17, 1914.)

#### No. 6440.

1. BANKRUPTCY (§ 268*)—SALE OF PROPERTY—RIGHTS OF PURCHASER—DOWER INTEREST OF WIFE.

Under the law of Pennsylvania, by which dower is an estate of the wife and not of the husband, a sale of real estate by a trustee in bankruptcy under order of the bankruptcy court, free and discharged of all liens, does not divest the property of the inchoate dower interest of the bankrupt's wife.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 372–379; Dec. Dig. § 268.*]

2. BANKRUPTCY (§ 143*)—RIGHTS VESTING IN TRUSTEE—RIGHTS OF LIEN CREDITORS.

The provision of Bankr. Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), that, as to all property coming into the custody of the bankruptcy court, the trustee shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon cannot be held to affect any estates other than that of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224; Dec. Dig. § 143.*]

In Bankruptcy. In the matter of A. H. Chotiner, trading as A. H. Chotiner & Co., bankrupt. On review of order of referee. Reversed.

Alpern & Seder, of Pittsburgh, Pa., for trustee.
Chas. H. Sacks, of Pittsburgh, Pa., for exceptant.

ORR, District Judge. [1] The referee in bankruptcy has certified to the court the following question, viz.:

"Whether, on the sale of real estate by the trustee under the order of the bankruptcy court, free and discharged of all liens, the title of the bankrupt passed to the purchaser free and discharged of any right of dower in the wife of the bankrupt; the bankrupt and his wife both being alive at the time of said sale."

The question is one of great importance which has never been decided by the Court of Appeals of this circuit or by the Supreme Court, so far as I have been advised. It is with hesitation that this court must answer the certified question in the negative, because the referee, in support of his position, has relied upon a decision by Judge Witmer in the Middle District of Pennsylvania (In re Codori, 30 Am. Bankr. Rep. 453, 207 Fed. 784), which is directly in point.

That dower is an estate of the wife and not of the husband, under the laws of Pennsylvania, is clear. No citation of authorities is necessary to this end. If, therefore, the estate of the wife is to be applied to the payment of the debts of the husband, it should be made clear in legislation intended to accomplish that end. This is the view taken by the Supreme Court in the opinion of Mr. Justice Gray in

Porter v. Lazear, 109 U. S. 84, 3 Sup. Ct. 58, 27 L. Ed. 865. Commenting upon the bankruptcy act of August 19, 1841, chapter 9 (5 Stat. 440), which contained in its second section the proviso that "nothing in this act contained shall be construed to annul, destroy, or impair any lawful rights of married women,   *   *   *   which may be valid by the laws of the states respectively, and which are not inconsistent with the provisions of the second and fifth sections of this act," and further commenting upon the fact that that proviso was omitted from the bankruptcy act of 1867 (14 Stat. 517, c. 176), which omission was urged in the case then under consideration as indicative of the intention of Congress that dower of the wife might be subjected to the payment of the husband's debts under the later act, stated (109 U. S. at page 89, 3 Sup. Ct. at page 61, 27 L. Ed. 865) that the court had "no hesitation   *   *   *   in holding that the proviso relied on was not in the nature of an exception to or restriction upon the operative words of the act, but was a mere declaration, inserted for greater caution, of the construction which the act must have received without any such proviso, and that the omission of the proviso in the recent bankrupt act does not enlarge the effect of the assignment or of the sale in bankruptcy, so as to include lawful rights which belong not to the bankrupt but to his wife." The court further says in the opinion in that case, on page 88 of 109 U. S., on page 60 of 3 Sup. Ct. (27 L. Ed. 865):

"It thus appears that the right of dower in Pennsylvania does not differ, in nature or extent, from the right of dower at common law, except so far as the local law has made it a chattel for the payment of debts of the husband, either by converting it into personalty, in his lifetime, by virtue of the effect attributed by that law to a judgment recovered against him or a mortgage executed by him, either of which could only be enforced in that state by a levy of execution in common form, or by giving his creditors, after his death, a lien upon the whole title in the land. The state court has accordingly constantly held that, with these exceptions, the right of dower is as much favored in Pennsylvania as elsewhere; that the old decisions are not to be extended; and that neither an absolute conveyance by the husband, nor an assignment by him for the benefit of creditors, whether executed voluntarily or under a requirement of the insolvent law of the state, impairs the wife's right of dower."

In support of the foregoing, many Pennsylvania cases are cited.

It will be noticed, then, from what has been said, that the enforcement of the judgment, which will subject the dower to the payment of the debts of the husband, must be "by a levy of execution in common form," and further "that the old decisions are not to be extended." That case went to the Supreme Court of the United States upon a writ of error to the Supreme Court of Pennsylvania in the case of Lazear v. Porter, Assignee, found in 87 Pa. 513, 30 Am. Rep. 380, and the judgment of the Supreme Court of Pennsylvania was affirmed. In the opinion of the Supreme Court of Pennsylvania, this language was used as the embodiment of various expressions used in divers opinions of that court and as expressions of the views of that court at the time the decision was rendered:

"A widow's right of dower commences with her marriage; it is held so sacred a right that no judgment, recognizance, mortgage, or any other incum-

brance whatever, made by the husband after the marriage, can, at common law, affect her right of dower; even the king's debt cannot affect her. Shippen, P. J., Graff v. Smith, 1 Dall. [Pa.] 484 [1 L. Ed. 232]. The only modification of these principles that we have suffered is in treating the rights of creditors as paramount, and permitting them, through a judicial sale, to bar dower—a policy often questioned and which is not to be extended beyond established limits. Woodward, J., Worcester v. Clark [2 Grant, Cas. (Pa.) 84] supra. That policy, from any principle of analogy, should not be extended a whit farther. It has been carried too far, and has too often divested estates of women, incident though they be to the marital relation, when no equitable principle so required. Nothing should be taken to prejudice a wife's estate by mere inference. A statute ought not to be interpreted as authorizing a sale of the husband's lands, freed from dower, unless such is its clear intendment. Were the meaning of the bankrupt law and the effect of a sale of the bankrupt's land, as to dower, doubtful, the conclusion must be that the wife's estate is not divested."

[2] But it is urged that by section 47a (2), as amended by the act of June 25, 1910, the trustee has the power to divest the dower of a wife, because that amendment provides that he "shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings" upon the estate of the bankrupt husband.

Section 70a, subd. 5, vests in the trustee "the title of the bankrupt * * * to all * * * property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." That language has been construed by the Circuit Court of Appeals of the Sixth Circuit in Re Hays, 181 Fed. 674, 104 C. C. A. 656, which holds that the dower interest of a bankrupt's wife in mortgaged real estate, sold as part of the bankrupt's estate, was no part of the bankrupt's assets, since that section of the act, vesting the title of the bankrupt in his trustee, does not purport to affect the wife's interest. That case was carefully considered by the Court of Appeals of the Sixth Circuit, and seems to have settled the law with respect to the act as it existed prior to the amendment of June 25, 1910. The amendment of June 25, 1910, seems to have been passed to remedy a defect in the bankruptcy act of 1898, which was made apparent by the decision of the Supreme Court in York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, and kindred cases, which held that the trustee in bankruptcy, under the original act, was vested with no better right or title to property than the bankrupt had when the trustee's title accrued, and therefore that personalty which was the subject of a conditional sale, and which had not been taken in execution by a creditor of the conditional vendee, should be surrendered by the trustee of the conditional vendee to the vendor, holding, in other words, that although a contract of conditional sale of personalty was void as against the creditors of a conditional vendee, who had levied thereon prior to the bankruptcy proceedings, yet as between the parties thereto the contract was valid, and, because the trustee was vested with no better title to the property than the conditional vendee who had become bankrupt, the conditional vendor was entitled to recover the property.

That the object of the amendment was as stated is the view taken by Mr. Collier in his work on Bankruptcy (10th Ed.) § 47, p. 659, wherein reference is made to the Congressional Record of the Sixty-First Congress, Second Session, pp. 2552–2554. That such was the purpose of the act may be inferred from the large number of cases in which the subject of the conditional sale in the hands of the bankrupt vendee was subjected to the payment of debts and not returned to the conditional vendor. Of course the majority of the cases were federal cases, but the state courts recognized the change in the law. Bank of North America v. Penn Motor Car Co., 235 Pa. 194, 83 Atl. 622, a case involving the title to personal property, is a case in point. The court there expressed the view that:

"The manifest purpose of the amendment was to enlarge the rights, remedies, and powers of a trustee in bankruptcy, and it had the effect of vesting in the trustee the rights, remedies, and powers of a judgment or other creditor having a lien, and of an unsatisfied execution creditor without a lien at the time of instituting bankruptcy proceedings. In other words, the trustee was given the power to assert every right which such creditors could have asserted during the period of four months immediately preceding the filing of the petition in bankruptcy."

While that language, taken by itself, is very broad, yet the case involved the title to personal property only, and no inference is to be drawn from the decision in that case that the Supreme Court of Pennsylvania would construe the act in such way as to affect the dower which the wife of the bankrupt might have.

At this point the case of Holt v. Henley, Trustee, 232 U. S. 637, 34 Sup. Ct. 459, 58 L. Ed. 767, may be referred to as conclusive authority that the amendment of June 25, 1910, was not intended to affect property rights which existed prior to the passage of such amendment. Upon the authority of this case, the question now before the court would have to be answered in the negative, because, if for no other reason, the record does not show that the estate of the wife of the bankrupt arose subsequent to the passage of the amendment. The case, however, should not turn upon this narrow view, but upon the broad ground that the bankruptcy act, as amended, cannot be construed to affect estates other than that of the bankrupt. The act vests in the trustee no other estate than the bankrupt's. If, however, such a construction should be given to the act as that the trustee should be deemed to have an "execution in common form," yet it should not be held that, because of having such an execution, he has the right to sell the estate of the wife, in view of the limitations expressed in the decisions of Pennsylvania upon the right to divest the dower, and in view of the act of Assembly of Pennsylvania of the 16th of June, 1836 (section 48 and other sections), which impose upon the sheriff the duty of executing writs in a particular way at particular times after special notice, etc. For instance, sections 48, 49, 50, and 51 of that act (P. L. 769) provide for an inquisition by the sheriff as to whether the clear profits of the real estate will be sufficient to pay the debt or damages, together with the costs, and an assessment of the value of the yearly rents, and if the land will pay

in seven years the debt, etc., the sheriff is to deliver possession to the execution creditor, but, if it will not, then a writ of venditioni exponas may issue. It is true that, where the judgment debtor waives inquisition and condemnation, inquisition by the sheriff is not required. If, therefore, the trustee in bankruptcy be deemed to have an execution in common form, is he also to be deemed to have a waiver of inquisition by the bankrupt? If inquisition shows that the profits from the land will pay the debt, then there is no sale, and the widow's dower is not discharged. Plainly the language of the bankruptcy act, as amended, does not even in general terms contemplate the divestiture of the widow's estate in the bankrupt's lands in the manner in which such estate may be divested in Pennsylvania. Therefore it must be that the act does not in any way affect the dower of the wife.

Another consideration arises that in many states the dower of the wife is not divested even by an execution in common form, or by foreclosure of a mortgage, unless it be a mortgage given to secure purchase money. In Ency. of Pleading & Practice, vol. 9, p. 316, a footnote gives a list of the states in which the wife of a mortgagor is a necessary party to foreclosure proceedings. They are Alabama, Illinois, Iowa, Maryland, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, North Carolina, Ohio, South Carolina, Tennessee, Virginia, and Wisconsin. If dower in those states be protected in proceedings upon mortgages given by the husband, the amendment of June 25, 1910, could not have the effect in those states of giving the trustee such an interest in the bankrupt's lands as would enable him by sale to divest dower. That the act was not intended to affect dower generally throughout the United States must be held. That it should affect dower in Pennsylvania must depend upon the law of Pennsylvania, where that law appears to have been within the purview of the bankruptcy act. As we have seen, the law of Pennsylvania protects the dower, except as hereinabove outlined. The act of Congress does not in terms expressly give the trustee any right to dispose of the dower of the wife. Therefore the trustee should not have attempted to sell the property of the bankrupt free and discharged of the wife's dower.

The decision of the referee must be reversed, and the certified question answered in the negative.