## In re KLIGERMAN.

(District Court, E. D. Pennsylvania. December 3, 1918.)

No. 4830.

1. BANKRUPTCY ⬤⇒264—COMPOSITION—SALE.
   Where the referee, as part of a composition plan, sold property of the bankrupt, and confirmation of the sale was conditioned upon confirmation of the offer of composition by the court, the sale is null and void, where the offer of composition was rejected.

2. BANKRUPTCY ⬤⇒382—COMPOSITION—CONFIRMATION.
   In determining whether an offer of composition should be accepted, the court will not consider the interest of the bankrupt, or a purchaser of the bankrupt's property, etc., but only the interest of the creditors.

3. STATUTES ⬤⇒216—CONSTRUCTION—CONGRESSIONAL DEBATES.
   The amendment of 1910 to Bankruptcy Act, § 47a (2)—Comp. St. 1916, § 9631—declaring trustees shall be vested with all the rights of a creditor holding a lien by legal or equitable proceedings, etc., held not so ambiguous as to warrant recourse to congressional debates.

4. DOWER ⬤⇒46(3)—PENNSYLVANIA—LIABILITY FOR DEBTS.
   In Pennsylvania, land is a chattel for payment of debts through a species of conversion, which extinguishes every derivative interest and it may be seized as personal property on a fi. fa., and passes by sheriff's sale to the purchaser, free from dower rights of the debtor's wife.

5. BANKRUPTCY ⬤⇒143(8)—BANKRUPT'S LANDS—DOWER RIGHTS.
   Under the amendment of 1910 to Bankruptcy Act, § 47a (2)—Comp. St. 1916, § 9631—which gave the trustee the rights of a creditor holding a lien by legal or equitable process, etc., and in view of section 70 (section 9654), held, that the land of a Pennsylvania bankrupt could be sold free from dower rights of his wife; such rights under the state laws being subject to the claims of creditors.

6. BANKRUPTCY ⬤⇒11—JURISDICTION OF COURT—RECORDS.
   Where, pursuant to an offer of composition, the trustee executed a deed to the bankrupt's property to carry out a sale, contingent on confirmation of the composition, held that, the matter having been referred to a special referee, after an increased offer, the court, on exceptions to such referee's report, was without jurisdiction to order expunged from the records the trustee's deed, which had been recorded without authority.

In Bankruptcy. In the matter of Harry Kligerman, bankrupt. On petition for confirmation of composition, and on exceptions to report of special referee. Confirmation of composition refused, exceptions overruled, and cause remitted to special referee.

See, also, 219 Fed. 758.

H. H. Gilkyson, of Phœnixville, Pa., for creditors.

G. Albert Smyth, of Philadelphia, Pa., for bankrupt.

W. S. Talbot, of West Chester, Pa., for trustee.

Geo. B. Johnson, of West Chester, Pa., for exceptants.

THOMPSON, District Judge. Harry Kligerman, upon his petition in voluntary bankruptcy, was adjudicated a bankrupt on June 3, 1913.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In his schedules was included a farm in Chester county of 106 acres, valued at $4,500. The bankrupt, on November 11, 1913, made an offer of composition to his creditors, to pay all costs, fees, and priority claims, in full, in cash, and to pay unsecured creditors 10 per cent. of their claims in cash, upon condition that a private sale of the real estate of the bankrupt to Abraham Kligerman, freed and clear of liens, be approved. The offer of composition was accepted in writing by a majority in number and amount of creditors on December 16, 1913. The total amount to be paid under the offer was $2,399.76. The referee reported the offer to the court with a favorable recommendation on November 21, 1914. On the same day the referee ordered a private sale of the real estate to Abraham Kligerman, clear of all liens and incumbrances, for the sum of $2,010, "upon the confirmation of the offer of composition by the United States District Court for the Eastern District of Pennsylvania."

Nothing further was done towards confirmation of the offer of composition until March 14, 1918, because litigation was pending in the state courts over fire insurance covering buildings upon the farm which were destroyed by fire after the offer of composition was made. On December 20, 1917, however, the trustee executed a deed to Abraham Kligerman, in which the wife of the bankrupt joined, which was left in the possession of the trustee under an agreement between George B. Johnson, Esq., counsel for the bankrupt, and Wesley S. Talbot, Esq., counsel for the trustee, that it so remain until the question of confirmation of the composition should be determined by the court.

On March 14, 1918, a petition of the trustee was presented to the court, setting out that he had joined with the wife of the bankrupt in a deed to Abraham Kligerman, and had in bank for distribution to the creditors $2,655.41, sufficient to carry out the terms of the composition. Attached to this petition was the petition of the bankrupt, sworn to November 1, 1917, praying for confirmation of composition.

The present referee, Thomas R. Haviland, Esq., having called the attention of the court to an offer for the real estate of $3,000, afterwards increased to $3,500, free of liens and incumbrances, an order was entered referring the matter to Referee Haviland, as special referee, to ascertain and report the facts, together with the testimony and his findings and recommendations thereon.

A motion to vacate the order of reference was overruled in an opinion filed April 15, 1918, in which it is stated that, under the circumstances:

"The court should not confirm the composition, unless all the facts are thoroughly made known to all of the creditors and a full report is made to the court, as indicated in the order of special reference."

On August 17, 1918, the special referee returned his report, with exceptions thereto on the part of the bankrupt, and his rulings upon the exceptions. The referee reports that, having given notice, he held a meeting of the creditors at his office on May 10, 1918. The meeting was not largely attended. Mr. Johnson, as attorney for the bankrupt, was present representing the bankrupt and nine creditors, whose claims aggregated $1,391.04; Mr. Talbot, as attorney for the trustee

and representing a creditor with a claim of $767.81, also two creditors with claims of $81.40 and $243, respectively, and the tax collector of Charlestown township, Chester county, having a claim for taxes. Of the creditors present or represented at the meeting, all voted in favor of the original offer of composition, excepting the tax collector.

The referee reports that the increased offer for purchase of the premises, if accepted, would realize a dividend for the common creditors of over 19 per cent., as against the 10 per cent. offer. This percentage is based upon the opinion of the referee that a sale in bankruptcy by the trustee would divest the dower interest of Kligerman's wife.

The exceptions to the referee's report consist largely in statements of fact. * * *

The recommendations of the special referee are:

(1) That the offer of composition of 10 per centum to the common creditors and the payment in full of the preferred and secured claims be rejected.

(2) That an order be made remitting the cause to the referee for the further and ordinary administration of this estate.

(3) That an order be made, if the court has jurisdiction, expunging the deed of Harry F. Taylor, trustee of Harry Kligerman, to Abraham Kligerman, dated December 20, 1917, and recorded May 10, 1918, from the records in the office of the recorder of deeds for Chester county, at West Chester, Pa.

[1-5] In passing upon the first recommendation of the referee, the first inquiry is whether the composition offered is to the best interests of the creditors, and the answer to that question depends upon whether a sale under an order of the bankruptcy court would divest the dower interest of the wife of the bankrupt. If the dower would be divested by such sale, the common creditors would receive nearly double the dividends they will receive if the present offer of composition is confirmed. The confirmation of the sale by the former referee was expressly conditioned upon the confirmation of the offer of composition by the court. If the court is not satisfied that the composition offered is for the best interest of the creditors, the offer should not be confirmed. If the offer of composition is not confirmed, the sale ordered by the former referee would be absolutely void and of no effect.

The interest of the bankrupt and that of the purchaser are to be regarded as entirely outside of the consideration of the court in determining what is for the best interest of the creditors. * * *

The question whether, under a duly authorized sale in bankruptcy, the purchaser takes the bankrupt's real estate free from the wife's inchoate right of dower, depends upon the construction to be given to the amendment of 1910 (Act June 25, 1910, c. 412, § 8, 36 Stat. 840 [Comp. St. 1916, § 9631]) to section 47a (2) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 557). The language of the amendment is as follows:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

Prior to the amendment of 1910, the courts, in construing the effect of bankruptcy upon the dower in the bankrupt's real estate, followed the ruling of the Supreme Court in Porter v. Lazear, 109 U. S. 84, 3 Sup. Ct. 58, 27 L. Ed. 865, where the question arose under the Bankruptcy Act of August 19, 1841 (5 Stat. 440, c. 9).

Since the enactment of the amendment, the question has arisen in the Middle district of Pennsylvania in the cases of In re Codori, 30 Am. Bankr. Rep. 453, 207 Fed. 784, and In re Freedman, 31 Am. Bankr. Rep. 53; Judge Witmer holding in those cases that the amendment of 1910 to section 47a (2) has the effect of vesting in the trustee in bankruptcy the enlarged rights, remedies, and powers of a judgment or other creditor having a lien upon the bankrupt's real estate, enabling him to sell such real estate acquitted and discharged of the inchoate right of dower, with the same effect as by a sheriff's sale after levy on a proper writ of execution.

In the Western district of Pennsylvania, in the case of In re Chotiner, 32 Am. Bankr. Rep. 760, 216 Fed. 916, Judge Orr held that the amendment does not authorize a trustee in bankruptcy in Pennsylvania to sell the bankrupt's real estate free from the wife's claim of dower, because the Bankruptcy Act as amended cannot be construed to affect estates other than that of the bankrupt.

Thus, in carefully considered opinions, contrary conclusions have been reached by Judge Witmer and Judge Orr affecting the title to real estate of bankrupts in Pennsylvania.

Judge Orr appears to have been influenced by the fact that the purpose of the amendment, as appears by the discussion in the House of Representatives in the Congressional Record for the Sixty-First Congress, Second Session, pages 2263 to 2279, was to remedy the defect in the trustee's title to property made apparent by the decision of the Supreme Court in the case of York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782.

The question at once arises whether there is such ambiguity or doubtful meaning in the language of the amendment as to justify recourse to the statements of the Representatives in Congress, during debate upon its passage, in aiding its construction. United States v. Union Pacific Railroad Co., 91 U. S. 72, 23 L. Ed. 224; United States v. Trans-Missouri Freight Association, 166 U. S. 290, 17 Sup. Ct. 540, 41 L. Ed. 1007.

Mr. Justice Trunkey, following the established policy of the courts recognizing the common-law right of dower, and citing the Pennsylvania decisions upholding the right, except as affected by the rights of creditors, said in the case of Lazear v. Porter, 87 Pa. 513, 30 Am. Rep. 380, which was affirmed by the Supreme Court of the United States in Porter v. Lazear, supra:

"A statute ought not to be interpreted as authorizing a sale of the husband's lands, freed from dower, unless such is its clear intendment. Were the meaning of the bankruptcy law and the effect of a sale of the bankrupt's land, as to dower, doubtful, the conclusion must be that the wife's estate is not divested."

But the language of the amendment in terms free from doubtful meaning includes "all property in the custody or coming into the cus-

tody of the bankruptcy court." Nor is there doubtful meaning in the language vesting the trustee with "all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon." "All property" embraces, not only the bankrupt's personal property, but his real estate. What, then, are the rights of a creditor holding a lien by legal or equitable proceedings upon real estate in Pennsylvania upon the inchoate right of dower?

The law of Pennsylvania differs from the common law, in that the right of creditors prevails against the right of dower.

Land is a chattel for the payment of debts through a species of conversion, so far as may be necessary to the purpose of satisfaction, which extinguishes every derivative interest in it. Thus a judgment or a mortgage binds it and converts it, and it may be seized as personal property on a fi. fa., and passes by virtue of the sheriff's sale to the purchaser free from dower. Kirk v. Dean, 2 Bin. (Pa.) 341; Mitchell v. Mitchell, 8 Pa. 126; Helfrich v. Obermyer, 15 Pa. 113; Blair County Directors v. Royer, 43 Pa. 146.

Under the clear language of the amendment, therefore, the title vested in the trustee as to all the property in the custody of the bankruptcy court, both real and personal, instead of being, as it was before the amendment of 1910, only such title as the bankrupt himself had and could alone convey, is in addition thereto such title as a creditor could cause to be conveyed to a sheriff's vendee through and by judgment, execution, levy, and sale. In other words, the title which vests in the trustee is the title of a sheriff's vendee.

Judge Orr points out difficulties in applying the provisions of the various acts of assembly in relation to execution by the sheriff to a sale by a trustee in bankruptcy. But a trustee in bankruptcy derives his authority to sell from the provisions of the Bankruptcy Act, and is not required, in selling under an order of the bankruptcy court, to follow the statutes of Pennsylvania relating to execution.

Section 70 (Comp. St. 1916, § 9654) directs that the real and personal property belonging to a bankrupt's estate shall be sold, and that the title to property which has been sold shall be conveyed to the purchaser by the trustee. The trustee, therefore, having the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, and having the power to sell all the property of the bankrupt, conveys to the purchaser the same title which a creditor could have conveyed to a sheriff's vendee upon compliance by the sheriff with the statutory requirements of execution, levy, inquisition, appraisement, etc.

I am unable to see that the question is affected by the incident that, if the trustee as to land in Pennsylvania is vested with title, free of dower, the Bankruptcy Law would not be uniform, because in other states there is no conversion of real estate for the payment of debts, so as to divest the wife's dower. There has never been any question of uniformity as to the rights of creditors variously affected by the statutes of the several states in relation to exemption allowed under the Bankruptcy Act. There is no hardship if the property coming into the custody of the bankruptcy court is subjected to the claims of cred-

itors to the same extent and in the same manner as if their claims were asserted in the state courts. Where a creditor may sell the real estate of his debtor clear of the wife's inchoate right of dower in the state courts, it is unjust and inequitable to creditors that such rights should be denied them in a court of bankruptcy within the same state.

These views are in harmony with, and not in contravention of, the provisions of section 8 (a) of the Bankruptcy Act (Comp. St. 1916, § 9592), providing that, in case of death, the widow and children shall be entitled to all rights of dower and allowances fixed by the laws of the state of the bankrupt's residence. The laws of the state of Pennsylvania give a lien ·creditor the right to sell the real estate free of dower, and the wife is therefore not deprived of any right she would have as against a creditor having a lien on her husband's real estate under the laws of Pennsylvania.

Entertaining the views herein expressed, I agree with Judge Witmer in the conclusion reached by him in the cases of In re Codori and In re Freedman, that the title passing upon a sale by the trustee of the bankrupt's real estate would be free and clear of dower. As a sale under the present offer would produce a fund which would nearly double the amount offered in composition, it is apparent that the composition is not for the best interests of creditors, and should not be confirmed.

The confirmation of the offer of composition is refused, and the cause will be remitted to the referee for the ordinary administration of the estate, in accordance with the second recommendation of the special referee.

[6] As to the third recommendation of the referee, the court has no jurisdiction in these proceedings to order that the deed of the trustee be expunged from the records in the office of the recorder of deeds for Chester county.

It remains to dispose of the exceptions on behalf of the bankrupt. As heretofore observed, the exceptions are devoted largely to statements of fact; they were recklessly and frivolously made, and are not only without any foundation in proof, but proved to be untrue.

Without further comment, the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth exceptions to the findings of fact, and the first, second, third, fourth, and fifth exceptions to the conclusions of law, are dismissed, at the costs of the exceptant.