SNYDER v. BICKLEY ET AL., ADMRS., ET AL.

*Dower—Real estate under purchase-money mortgage—Dower computed on entire proceeds of sale.*

Where land on which there is a purchase-money mortgage, or a mortgage to a third person who furnished the purchase money, and given as part of the same transaction, is sold to pay debts, and the sum realized from the sale is largely in excess of the mortgage indebtedness, the widower of the deceased owner thereof is entitled to have his dower interest in such land computed and based upon the entire proceeds of the sale, payable out of the residue of the proceeds after satisfying the mortgage.

·(Decided June 18, 1923.)

ERROR: Court of Appeals for Butler county.

*Mr. Clinton Egbert,* for plaintiff in error. ·
*Messrs. Andrews, Andrews & Rogers,* for defendants in error.

CUSHING, J. Ben A. Bickley and John D. Andrews, as administrators of the estate of Mary Snyder, deceased, brought an action against George R. Snyder, and others, to sell the real estate described in the petition to pay debts. Tract No. 1, described in the petition, was located at the corner of Sixth and Dayton streets, in the city of Hamilton, Ohio.

George R. Snyder, one of the defendants, by amended answer, claimed that he was entitled to dower in lieu of homestead, and had a dower interest in above property, and asked that it be calculated and estimated by tables provided therefor.

The controversy in this case grows out of the following facts:

May 16, 1917, Mary Snyder purchased from H. H. Prue the tract of land in question. A deed for the property from Prue to Mary Snyder was dated May 16, 1917, and was recorded the same day.

On May 17, 1917, Mrs. Snyder and her husband, George R. Snyder, secured a loan from the Hamilton Homestead and Loan Company, and executed a mortgage on the property in the sum of $5,000. It is claimed that this money was used by Mrs. Snyder in payment of the purchase price of the property.

On October 11, 1920, the Court of Common Pleas of Butler county determined that the amount then due the Hamilton Homestead and Loan Company was $4,374.55. On October 30, 1920, said court determined the value of the dower interest of George R. Snyder in said property to be $827.46.

On February 25, 1921, the Court of Common Pleas reversed its finding as to the value of the dower interest of George R. Snyder, and ordered, after certain payments were made, that the sum of $1,316.19 be held by the administrators until the further order of the court.

On March 27, 1923, the Court of Common Pleas held that George R. Snyder was entitled to a dower interest in the excess proceeds of the sale, over and above the mortgage incumbrance, and fixed his dower interest at $385.18.

It is not disputed that tract No. 1, in question, was sold for $8,100.

Snyder claims that he has a dower in the entire value of the land, subject only to the amount due the Hamilton Homestead and Loan Company.

The one question for determination in this case is the basis upon which a dower interest in real estate shall be calculated. Section 8606, General Code, provides that the widow or widower shall be endowed of an estate for life in one-third of all of the real property of which the deceased consort was seized as an estate of inheritance at any time during marriage.

Numerous cases are cited in support of the judgment of the Court of Common Pleas to the effect that Snyder was dowable only in the excess remaining after the payment of the mortgage debt.

It is stated in the brief of counsel for defendant in error that where property is sold to pay debts, the dower interest should be calculated only on the excess of the proceeds above the purchase-money mortgage.

In 1 Tiffany on Real Property, Section 211, it is stated that where a purchaser of property on receiving a deed therefor gives to his vendor a purchase-money mortgage to secure the payment of the whole or part of the purchase price, the deed and mortgage are considered a part of one transaction, and the purchaser does not have such a title as will give a right of dower to the wife as against the mortgagee, though as against all others she is so entitled to dower.

In the same section the author states that a like principle has been applied where a purchaser of property, instead of giving a purchase-money mortgage to the vendor, gives a mortgage, in pursuance of a prior agreement and as a part of the same transaction, to a third person, who furnishes the purchase-money, and that the right of dower is subordinated to the mortgage so given.

In *Hickey, Admr.,* v. *Conine,* 6 C. C. (N. S.), 321, it was held that where real estate is sold by the personal representative of the decedent to pay the debts of the decedent, which real estate is incumbered by a purchase-money mortgage, given by the decedent in his lifetime, and such land is sold for a sum more than the amount of all mortgages, the widow is entitled to have her dower interest in such land computed from and based on the entire proceeds of the sale, payable out of the residue of the proceeds after satisfying the mortgage. This case was affirmed by the Supreme Court of Ohio, without report, 71 Ohio St., 548.

Turning aside for the moment from the discussion of purchase-money mortgages, it has been held as to loan mortgages that in "Ohio the legal estate is in the mortgagor until condition broken. After that it is still in the mortgagor as to all the world except the mortgagee." *Kling* v. *Ballentine,* 40 Ohio St., 391; *Mandel* v. *McClave,* 46 Ohio St., 407.

Judge Bradbury in *Mandel* v. *McClave, supra,* at page 412, quotes with approval from *Ketchum* v. *Shaw,* 28 Ohio St., 503, as follows:

"She joined in the conveyance of the land, releasing her dower, not absolutely, but only so far forth as it was necessary to pay the mortgage debt. That done, everything else remains to her."

Counsel for defendants in error rely on *Nichols* v. *French, Admr.,* 83 Ohio St., 162, and on *In re Hays,* 181 Fed., 674.

In the *Nichols* case, James H. Nichols purchased the land from his children and assumed a mortgage already on the property, and executed another mortgage for the purchase-money. Thereafter, in November, 1899, he intermarried with the

plaintiff in error. In the syllabus, approved . by the court, and in the opinion by Judge Shauck, page 166, attention is called to the fact that:

"The widow of a purchase-money mortgagor, mortgage given before marriage, and property sold by executors to pay the mortgage debt, is not dowable of the whole proceeds, but only of the surplus remaining after satisfying the mortgage."

What significance is to be attached to the comments on the facts in the Nichols case can only be determined from a consideration of similar Ohio cases, taking a different view of the dowable interest that the surviving consort has in the mortgaged property. It is difficult to understand on what theory a person entitled to a dower in real estate is limited to the surplus after the payment of the debt, in view of the holding that the legal estate is in the mortgagor, and the language of the statute that the widow or widower shall be endowed in one-third of all the real property of which the consort was seized as an estate of inheritance at any time during the marriage.

In the Hayes case, supra, it was held that when land was sold to pay the debts of a bankrupt, the bankrupt's wife, as against her general creditors, was only entitled to a dower in the surplus, and not in the whole proceeds, payable out of such surplus.

In discussing the numerous conflicting cases in Ohio, Judge Warrington in the Hayes case suggests that the decisions in Ohio have established certain classes of cases, in some of which dower has been allowed out of the whole proceeds, and in some only out of the surplus after paying the mortgage. If the learned judge intended to con-

vey the idea that such a classification was authorized, we are at a loss to understand the plain meaning of the statute. The common-law right to a dower has been made definite and certain in Ohio by statute, and the courts have either taken the position that in case of a purchase-money mortgage the owner of the property was not seized of it during coverture or the position that when the wife signed a release of dower she signed not only in favor of the mortgagee but in favor of all creditors. This is hardly conceivable in law, and is directly contrary to the principles in *Mandel* v. *McClave, supra,* and other cases.

In the *Nichols case, supra,* Judge Shauck calls attention to the differences in the decisions in Ohio and says that they will disappear if it is borne in mind that the husband's mortgage for purchase-money is effective without the wife's signature, because it is upon the same consideration as the mortgagee's equitable lien for unpaid purchase-money. We fail to see how the difference thus pointed out establishes that the purchaser at no time had a title other than an equity of redemption. True, the vendor of the property has an equitable lien for unpaid purchase-money. The fiction of law would not be necessary to clothe him with a lien, if he still retained the title. If he parts with his title, without receiving pay, he then has a lien. But, to hold that the vendee was not seized of the estate would in effect be a holding that the title to real estate was suspended. If the vendor had parted with it, and the vendee had not taken it, the law of Ohio that the title to real estate was never suspended would be violated.

It is apparent from a consideration of the facts

and the discussion of the *Nichols case* that the court was attempting to establish a different class wherein dower interest would attach in cases where a mortgage was given or assumed prior to marriage.

In the *Hayes case* the court calls attention to the fact that the *Hickey* v. *Comine case, supra,* abrogated the classification and placed purchase-money mortgages in the class established for loan mortgages, and speaks of the beneficial interest that the mortgagor has in the property, and says that the wife would appear to have a dowable interest measured by the beneficial interest of the husband in the real estate of which he was seized at any time during coverture. If the wife's dower interest is to be determined by the husband's beneficial interest in the real estate, then it would seem that the statute would be limited in its application by judicial construction. The statute does not provide for any classification of property for the purpose of estimating dower.

In the case of *Woodworth* v. *Paige,* 5 Ohio St., 71, it was held that where a husband, the wife joining with him, conveys the property without consideration, to defraud his creditors, it will not estop her to claim dower against the grantee, or any purchaser from him with notice; that no fraud could be imputed to her because of such release, for the reason that she released nothing that could be taken by the husband's creditors. Judge Thurman, in delivering the opinion of the court, propounded the query, whom did she defraud? and answers, not the creditors, for they had no right in her dower.

In the case at bar, as in the *Hayes case,* the only

purpose of holding that Snyder is not dowable out of the value of the estate is for the benefit of the creditors. This seems inconsistent with the plain terms of the statute.

In this case, real estate was sold to pay debts, and, admitting that the mortgage to the Hamilton Homestead and Loan Company was a purchase-money mortgage, the property was sold for a sum largely in excess of the mortgage. The widower under such circumstances is entitled to have his dower interest in said land computed and based upon the entire proceeds of the sale, payable out of the residue of the proceeds, after satisfying the mortgage.

The judgment of the Court of Common Pleas of Butler county will be reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed.*

BUCHWALTER and HAMILTON, JJ., concur.