THE SECOND NATL. BANK OF CIRCLEVILLE *v.* RENICK.

*Dower—Value unaffected by husband's assignment for creditors —Sale of mortgaged real property—Section 11124, General Code.*

1. The value of a wife's inchoate right of dower is unaffected by an assignment made by her husband for the benefit of creditors.
2. Section 11124, General Code, is a procedural statute only and its terms do not preclude the allowance of dower in any case.

(Decided December 30, 1924.)

ERROR: Court of Appeals for Pickaway county.

*Mr. Charles Dresbach,* for plaintiff in error.
*Mr. Irvin F. Snyder* and *Mr. Milt Morris,* for defendant in error.

MAUCK, J. Irvin F. Snyder, as assignee of Job E. Renick, brought his action in the Probate Court to sell certain lands of the assignor to pay debts. Florence S. Renick, wife of the assignor, filed an answer asserting her right of inchoate dower and asking that its value be paid her out of the proceeds of sale. The land was subject to two mortgages, both of which were signed by the wife. Neither was a purchase money mortgage. The property was sold free of liens and free of dower. The Second National Bank of Circleville was a judgment creditor. The land was sold for $68,-396.14. It required $47,014.27 of this to pay the mortgage liens. Mrs. Renick claimed that the

[1] Dower, 19 C. J. § 168; [2] Id.

value of her inchoate dower was to be calculated upon the whole $68,396.14. The bank claimed that it should only be calculated on $21,381.28, the surplus arising after the payment of the mortgages signed by Mrs. Renick. The Probate Court, and the Common Pleas, to which the case was appealed, held with Mrs. Renick that she was entitled to the value of her dower based on the selling price of all the land in question. To reverse that judgment the Second National Bank brings this proceeding in this court.

In *Mandel* v. *McClave,* 46 Ohio St., 407, it was held that where a wife had joined in a mortgage on the real estate of the husband she had the right upon a judicial sale of the property to have the value of her contingent right of dower ascertained upon the value of the entire property as against every one but the mortgagees.

In *Nichols* v. *French, Admr.,* 83 Ohio St., 162, the authority of the *Mandel case* was limited to cases where the mortgage liens were not for purchase money, the *Nichols case* reiterating the doctrine of *Culver* v. *Harper,* 27 Ohio St., 464, to the effect that as against a purchase money mortgage there is no seisin in the husband to support the dower estate of the wife. The *Nichols case* does not, therefore, modify the *Mandel case* in any particular pertinent to the case at bar. It is true that the bank in its reply to Mrs. Renick's answer undertakes to show that the mortgage liens in this case were created to pay off purchase money mortgages, but this does not tend to show that the mortgage liens in existence at the time of the sale were themselves purchase money liens. *O'Connor* v.

*Smith,* 40 Ohio St., 214; *Stansell* v. *Roberts,* 13 Ohio, 148.

It is claimed by the bank, however, that, though the doctrine of the *Mandel case* would warrant the wife's claim to be endowed in the whole of her husband's property as against a judgment creditor under other judicial sales, she is nevertheless not entitled to more than a dower in the surplus arising after the satisfaction of mortgage liens when the judicial sale is made under the provisions of Section 11124, General Code. This statute was first enacted in 1891 and was one of a series of sections prescribing the procedure for the administration of estates assigned for the benefit of creditors. The entire bill of which it was a part shows that the purpose of its enactment was procedural merely, and the context discloses no purpose in the bill as a whole to affect the value or quantum of a dower estate. If this section has the effect claimed for it by the plaintiff in error it results in this curious anomaly: If the debtor had permitted the judgment creditors to force his property to sale on execution his wife would have had her inchoate dower in the whole amount realized by the sale; but by making an assignment for the benefit of his creditors the husband thereby diminished the value of his wife's separate interest in the property to approximately one-third of that amount. That is to say, this innocent and presumably prudent course of the husband accomplishes an impairment of his wife's property almost to the extent of annihilating it.

*In re Hays,* 181 Fed., 674, was a case involving this particular section, and in it the court did not

determine, because it did not need to, what effect the statute had on the doctrine of the *Mandel case,* but Judge Warrington did significantly say:

"It is not claimed, as plainly it could not be, that the general assignment made by Hays impaired his wife's right of dower."

If the contention of the plaintiff in error be correct, however, it would follow that the act of the husband in making an assignment for the benefit of creditors did impair the value of his wife's right of dower. To construe Section 11124, General Code, as we are urged to do by the plaintiff in error means to work one of two violent changes in the substantive law of dower. It would mean either that the wife's interest in her husband's real estate is reduced by her husband's assignment to something less than the full dower right conferred by Section 8606, General Code, or, what amounts to the same thing, it would mean that in such case the rule that the wife had no dower as against a purchase money lien was to be extended to any and all mortgage liens. Manifestly so subversive a change in substantive law is not to be looked for in a mere procedural statute, and such construction will not be adopted unless the statute clearly requires it.

The preceding section, Section 11123, General Code, provides for the wife filing an answer to the petition of the assignee, and this answer has the effect of releasing her contingent dower interest. This answer is that the wife asks "to have such real estate sold free of * * * her contingent right of dower and to allow * * * her in lieu thereof, out of the proceeds of the sale,

such sum of money as the court deems the just and reasonable value of the dower interest therein.''

If it were not for this statute the property would necessarily be sold subject to the dower estate of the wife. It requires the consent and co-operation of the wife, acting under this section, to secure a sale free from her dower, and this section says nothing that would indicate that her right of dower does not extend to the whole of the proceeds of the sale. On the contrary, in the clause reading, ''such sum of money as the court deems the just and reasonable value of the dower interest therein,'' the word ''therein'' clearly relates back to ''real estate sold'' and contemplates that the value of the dower shall be calculated on the value of the real estate sold.

With this view of the context we proceed to read the section itself:

''Sec. 11124. When the assignor and his wife jointly have executed a mortgage upon real estate assigned, or when the assignor alone has executed a mortgage upon any of such real estate to secure the payment of purchase money, or a part thereof, the court shall order its sale free from the contingent right of dower of such wife, and find and determine the just and reasonable value of her dower interests in the proceeds of sale remaining after the payment of such incumbrances as preclude her right to dower therein.''

Far from indicating that the assignment had wiped out the distinction between dower in purchase money mortgages and mortgages not for purchase money, the language clearly recognizes

and continues such distinction. It makes two classes of mortgages which affect dower: first, where the wife joins in the mortgage; second, where the wife has not joined in the mortgage, but the mortgage is for purchase money. It then provides that in either case the land shall be sold free of dower. It can be so sold where the wife has joined because, and only because, this section presupposes her consent under the preceding section. It can be sold without her consent if for purchase money because she has had no seisin as against such lien. After thus providing for the sale, in the one case with the consent of the wife, and, in the other, without, the statute provides that the court shall find and determine the value of the wife's dower interests in the proceeds of the sale so had "remaining after the payment of such incumbrances as preclude her right to dower therein."

The language quoted does not itself preclude dower. It only refers to incumbrances which do preclude it, and we look elsewhere to, learn when. and to what extent incumbrances do preclude it. In case there is no seisin, because of the purchase money character of that kind of mortgage the widow is precluded from dower in that part of the proceeds going to the satisfaction of such mortgage. *Nichols* v. *French, supra.* In case there has been seisin and the mortgage has not been executed for purchase money, the wife's dower being only additional security for the husband's debt, the wife is endowed in the whole property and precluded from no part thereof by anyone saving her own mortgagee; and not by him if the mortgaged

property, excluding the dower, is sufficient to satisfy his claim. *Mandel* v. *McClave, supra.* In the instant case the incumbrances being of that kind that did not after their satisfaction preclude the widow from dower in the whole proceeds, the judgment below was strictly within the doctrine of the *Mandel case.*

*Judgment affirmed.*

MIDDLETON, P. J., and SAYRE, J., concur.