363 P.2d 712

**Donald E. HAGEN and Marie Hagen, Plaintiffs-Appellants,**

v.

**Harry BUTLER, Juanita Butler, Tracy W. Lyman and Aura C. Lyman, Defendants-Respondents.**

**Tracy W. LYMAN and Aura C. Lyman, Cross-plaintiffs-Respondents,**

v.

**Harry BUTLER, Juanita Butler, Donald E. Hagen, Marie Hagen, and Arden Dairy Farms, a corporation, Cross-defendants-Respondents.**

**No. 8972.**

Supreme Court of Idaho.

July 20, 1961.

J. Henry Felton, Lewiston, for appellants.

Eli Rapaich, Rapaich & Knutson, and Wm. J. Jones, Lewiston, for respondents.

KNUDSON, Justice.

On September 18, 1956, appellants, Donald E. Hagen and Marie Hagen, husband and wife, borrowed from respondents, Tracy W. Lyman and Aura C. Lyman, husband and wife, the sum of $10,000 with which to build a place of business generally known as "The Vista House" which is the subject of this litigation. The note evidencing said loan was secured by a mortgage upon the property occupied by said House.

On April 9, 1958, the Lymans loaned appellants an additional $1,000, which was secured by another mortgage upon the same property.

Under date of May 8, 1958, respondents Lymans acquired by assignment from the Troy Lumber Company a note in the principal sum of $1,115.49, executed by appellants, together with yet a third mortgage upon The Vista House property securing said note.

During the period of May through October, 1958, appellants negotiated for and entered into a contract of sale, relative to the property here involved, with respondents, Harry Butler and Juanita Butler, husband and wife. During the negotiations regarding said sale respondents Butlers requested that the three mortgages held by the Lymans be consolidated into one mort-

gage, under which provisions would be made for but one installment payment per month.

On October 29, 1958, the Butlers executed a promissory note, designating the Lymans as payees, in the principal sum of $11,218.24 (being a consolidation of the indebtedness evidenced by the three prior mortgages), together with a mortgage upon the property here involved as security for said note. Both instruments bear date of the 1st day of September, 1958. The mortgage was filed for record in the County Recorder's office on October 30, 1958. Upon the same date (October 29, 1958), the Lymans executed releases of the three Hagen mortgages, hereinbefore described, which they then held. It is undisputed that the Lymans executed said releases with the understanding that they were not to be recorded until a warranty deed from the Hagens to the Butlers, relative to such property, had been executed, delivered and recorded. In violation of such understanding the releases were filed for record in the office of the recorder of Nez Perce County on the following day, October 30, 1958. The record does not show the name of the individual who presented the releases for recording, however, it does show that they were "filed and recorded at the request of North Idaho Title Company".

By warranty deed dated April 20, 1959, the Hagens conveyed the property in controversy to the Butlers "subject to a mortgage held by Tracy W. Lyman and Aura C. Lyman". On April 29, 1959, the Butlers executed the mortgage upon said property (which is claimed by appellants to be a purchase-money mortgage) designating Donald E. Hagen as mortgagee, as security for a note dated March 1, 1959 in the principal sum of $9,581.66, being the balance of the purchase price payable to Hagen under the sale of the subject property from Hagen to Butler. The last-mentioned mortgage was filed for record on April 30, 1959.

This action was commenced by appellants to foreclose said last-mentioned mortgage in which action respondents Lymans were made parties defendant under an allegation that they claimed some right, title or interest in the premises involved, but that any such right was subsequent and inferior to appellants' mortgage and title. Answers were regularly filed by respondents and a cross-complaint was filed by the Lymans under which they asked that appellants' mortgage be adjudged as second, subsequent and inferior to their mortgage and that their mortgage be foreclosed.

The trial court entered a decree adjudging appellants' judgment, lien and mortgage to be second and inferior to the judgment, lien and mortgage of respondents Lymans. It is from said decree that this appeal is taken.

The first five assignments of error relate to the claimed error by the court in awarding priority to the mortgage held by re-

spondents Lymans and consequently the disposition of this case rests largely upon the determination of one question: Does the law and evidence sustain a finding and conclusion that the mortgage executed by respondents Butlers to respondents Lymans is a valid paramount and subsisting lien as against the mortgage executed by the Butlers to appellants upon the same property?

It is appellants' contention that the mortgage which they hold is a purchase-money mortgage and is therefore entitled by statute and by general law to priority as a first mortgage. In support of said contention appellants cite I.C. § 45–112, which provides:

"A mortgage given for the price of real property, at the time of its conveyance, has priority over all other liens created against the purchaser, subject to the operation of the recording laws."

Appellants base their claimed right of priority upon the foregoing statute without regard to their inducements to and agreement with the respondents Lymans. In determining the principal issue involved the trial court properly considered appellants' participation in and knowledge of the events leading up to the substitution of the Hagen-Lyman mortgages for the Butler-Lyman mortgage. In fact the evidence is very convincing that said substitution of mortgages was done at the request and solicitation of appellants and for their benefit to the extent that it aided them in making a sale of the subject property. In this respect the trial court found:

"The plaintiff, Donald E. Hagen, induced Mr. and Mrs. Lyman to accept from Mr. and Mrs. Butler a new mortgage consolidating the title indebtedness due Mr. & Mrs. Lyman on the Hagen notes and mortgages set forth in these Findings, with the understanding Mr. and Mrs. Hagen would deed the said real property over to Mr. and Mrs. Butler and Mr. and Mrs. Hagen would accept a second mortgage for the balance owing them."

The evidence is also convincing that all parties to this action understood and agreed that the priority status of respondents Lymans' mortgages would not be changed or destroyed by taking a new mortgage from Butlers. The testimony of respondents establishing such fact is uncontradicted by appellants and the court correctly found that:

"Tracy W. Lyman testified, and the Court finds, that Mr. and Mrs. Lyman executed and delivered three Satisfactions of Mortgages with the understanding and assurance of the plaintiff, Donald E. Hagen, that the new consolidated promissory note and mortgage from Mr. and Mrs. Butler to Mr. and Mrs. Lyman would be a first, prior and valid lien on the real property herein described, and equivalent security to the three Hagen promissory

notes and mortgages Mr. Lyman then held. Both Donald E. Hagen and Marie Hagen were present in the Courtroom during the trial of this action but neither took the witness stand to testify or deny any of Mr. Lyman's testimony."

The court also found:

"It was the understanding of all the parties that acceptance by Mr. and Mrs. Lyman of Mr. and Mrs. Butler's note and mortgage was in no way to impair Mr. and Mrs. Lyman's first and prior lien on the real property herein described."

▮ The Butlers acknowledge it was their understanding that the obligation payable to Lymans was to retain its priority status. Under the circumstances when Butlers purchased the subject property and assumed and agreed to pay as a part of the purchase price the indebtedness payable to Lymans, the mortgage given to secure such indebtedness, as to them (Butlers) became a purchase-money mortgage. In re Hays, 6 Cir., 181 F. 674.

▮ Since the priority status of the Butler-Lyman mortgage was agreed to by all parties concerned, there is no issue of law involved as to priority. Irrespective of what may have been the status of the mortgages here involved had the parties not agreed regarding the order of priority, it is clear that the appellants waived any such right they may have otherwise had.

Parties affected thereby may agree to the order of priority between two or more mortgages. 59 C.J.S. Mortgages § 218, p. 287. The general rule is quoted in McBride v. McBride, 152 Or. 601, 54 P.2d 838, 841, as follows:

"The parties may, as between themselves, make a valid agreement, though it be verbal only, that one of two mortgages shall be prior to the other, and the order of record is then immaterial unless they are subsequently assigned to other persons who have no notice of the agreement. * * *"

A court of equity, looking to the substance of such a transaction as is here involved, would not permit appellants to circumvent their agreement and thereby, in effect, perpetrate a fraud upon respondents Lymans.

In appellants' last assignment of error it is contended that the court erred in permitting respondents to testify regarding conversations had between themselves in the absence of appellants.

▮ It will be remembered that this is a three-party action wherein each party is seeking some relief as against the remaining parties. The conversations complained of related to an understanding had between respondents as to when the releases (of the three original mortgages) were to be filed and also as to their understanding regarding the priority of the Butler-Lyman mortgage.

There is no basis for appellants' assumption that the evidence so objected to was used by the court in determining any issue adversely to appellants. The record is replete with quoted statements of appellant Hagen wherein he repeatedly acknowledged the priority of the Lyman mortgage, and such evidence was in no particular denied by appellants. The admission of the evidence complained of was in no respect prejudicial to appellants.

Judgment affirmed. Costs to respondents.

TAYLOR, C. J., and SMITH, Mc-QUADE and McFADDEN, JJ., concur.